(No. 40364.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JACK KAMSLER, Appellant.

*Opinion filed January 19, 1968.*

WARD, J., took no part.

JACK KAMSLER, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, DAVID SELIG, and JOEL M. FLAUM, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The petitioner, Jack Kamsler, was tried by jury in the

circuit court of Cook County, criminal division, and convicted of the crime of theft, for which he was sentenced to the penitentiary for a term of not less than 1 nor more than 5 years. The judgment of conviction was affirmed by the appellate court on a complete record (*People* v. *Kamsler,* 67 Ill. App. 2d 33), and we denied leave to appeal. Thereafter, petitioner filed a post-conviction petition which was denied without an evidentiary hearing and petitioner has appealed to this court from the post-conviction judgment.

Petitioner was not represented by counsel in the trial court in the post-conviction proceeding although he was fully advised by the court of his right to counsel and advised that in the court's opinion he would be better off with counsel. Petitioner stated that he had studied law and thought that he could competently represent himself. Counsel was appointed by this court on the appeal but petitioner stated that he did not want counsel and he has proceeded *pro se* in this court.

It is well settled that where a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all issues which could have been presented to the reviewing court, if not presented, are waived. (*People* v. *Armes,* 37 Ill.2d 458.) Several of the allegations presented by the post-conviction petition fall in this category. The petitioner charged that he was not guilty of the crime; that the court erred in excluding evidence that he and his partner were in a legitimate business; and that a continuance obtained at his request did not renew the 120-day period provided for trial in section 103—5 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1965, chap. 38, par. 103—5.) In addition to the fact that these claims present no constitutional question, we note that the first issue was expressly decided by the appellate court against the peti-

tioner and that the second and third points were not presented to the appellate court. The trial court was correct in ruling that these allegations did not require a hearing.

The petition also alleged that the State's Attorney requested excessive bail to punish the petitioner for harassing public officials, and that articles 15 and 16 of the Criminal Code defining the crime of theft are invalid. The contentions with respect to excessive bail and the invalidity of the statutes were not presented on the former appeal and have therefore been waived. The petitioner seeks to escape the application of the doctrine with respect to the alleged invalidity of the statutes by claiming that he asked his retained counsel to raise this argument but that the attorney would not do so because he had been a member of the committee which had drafted the statutes. If petitioner was dissatisfied with the services of his retained counsel he had the right to terminate his services but, having not done so, he must be deemed to have waived the constitutional point.

The post-conviction petition also alleged that the petitioner was "talked out of" taking the stand in spite of the fact that he had no prior criminal record and an excellent family background. The petitioner did not allege who had talked him out of taking the stand, and although the point is briefly mentioned in the statement of facts on this appeal it is not argued. We are of the opinion that this unsupported allegation was insufficient to require a post-conviction hearing.

Petitioner's final claim is that his retained counsel failed to file a petition for leave to appeal from the appellate court judgment. The records of this court show that a petition was filed and denied. (*People* v. *Kamsler,* No. 39871, May, 1966.) A direct appeal from the appellate court judgment was dismissed for failure to file an abstract and brief within the time provided by our rules. (*People* v. *Kamsler,* No. 39917, May, 1966.) The alleged neglect of petitioner's

counsel of his own choice on appeal from the appellate court is not an issue requiring an evidentiary hearing under the Post-Conviction Hearing Act.

The trial court correctly ruled that the petition did not require a hearing and the judgment of the circuit court of Cook County, criminal division, is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.