No. 82–6913. JONES *v.* ILLINOIS. Sup. Ct. Ill. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Supreme Court of Illinois insofar as it left undisturbed the death sentence imposed in this case. *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting). However, even if I believed that the death penalty could be imposed constitutionally under certain circumstances, I would grant certiorari and vacate the death sentence imposed here.

Given the wording of the Illinois death penalty statute and the trial court's instructions in this case, I am not convinced that petitioner's sentencing jury balanced mitigating factors and aggravating circumstances in the manner required by this Court in *Lockett* v. *Ohio*, 438 U. S. 586 (1978), and *Eddings* v. *Oklahoma*, 455 U. S. 104 (1982). Under the Illinois statute, once a sentencing jury finds a statutorily defined aggravating factor to exist, the jury proceeds to consider aggravating and mitigating factors. "If the jury determines unanimously that there are no mitigating factors sufficient to preclude the imposition of the death sentence, the court shall sentence the defendant to death." Ill. Rev. Stat.,

ch. 38, ¶9–1(g) (Supp. 1982). At the sentencing trial in this case, the trial judge instructed the jury on how to evaluate mitigating evidence: "'[Y]ou go out and determine whether or not this evidence has taken away the [aggravating] factors, mitigated the factors so that you might say no, we don't want to vote for the death penalty.'" See *People* v. *Jones*, 94 Ill. 2d 275, 302, 447 N. E. 2d 161, 174 (1982) (Simon, J., concurring in part and dissenting in part). Notwithstanding other portions of the trial court's instructions, this instruction coupled with the Illinois statute's ambiguous reference to "preclud[ing] the imposition of the death sentence" may well have led the sentencing jury to conduct its deliberation under the assumption that petitioner had the burden of proving that the death penalty was inappropriate in his particular case. Since I do not understand this Court's precedents to permit the placing of such a burden on a defendant, I would grant the petition.