(No. 60586.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANDRE JONES, Appellant.

*Opinion filed October 18, 1985.—Rehearing denied December 2, 1985.*

20

SIMON, J., dissenting.

David C. Hoffman, of Ripplinger, Dixon, Hoffman & Ver Steegh, of Belleville, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert and Terence M. Madsen, Assistant Attorneys General, of Chicago), for the People.

JUSTICE MILLER delivered the opinion of the court:

This appeal is taken from an order entered by the circuit court of St. Clair County dismissing defendant's post-conviction petition. This appeal is the second review of defendant's conviction by this court. After withdrawing pleas of not guilty, the defendant, Andre Jones, pleaded guilty to three counts of murder. Following a sentencing hearing before a jury, the defendant was sentenced to death.

On direct appeal to this court, the defendant's convictions on two of the murder counts were affirmed along

with the death sentences. The conviction on the third count was affirmed, but the sentence was vacated and the cause remanded for a sentence other than death. (*People v. Jones* (1982), 94 Ill. 2d 275, 299-300.) The United States Supreme Court thereafter denied defendant's petition for a writ of *certiorari*. *Jones v. Illinois* (1983), 464 U.S. 920, 78 L. Ed. 2d 264, 104 S. Ct. 287.

On March 5, 1984, the defendant filed a petition for post-conviction relief (Ill. Rev. Stat. 1983, ch. 38, par. 122–1 *et seq.*). In that petition, the defendant alleged that he failed to receive effective assistance of counsel when he entered his pleas of guilty and during his original sentencing hearing. The State, in its motion to dismiss, argued that consideration of the grounds presented for relief was foreclosed by *res judicata* and that any other issues not controlled by the original appeal to this court had been waived. The trial court granted the State's motion, and the defendant appealed that decision directly to this court as required by our Rule 651, as amended effective December 1, 1984 (103 Ill. 2d R. 651).

Defendant's trial counsel did not represent him in his initial appeal; he was represented in that appeal by his present counsel. The defendant now contends that his trial counsel's ineffectiveness at the sentencing hearing was not and could not have been argued in the original appeal because the record did not disclose the information that his trial attorney failed to present. The defendant further maintains that arguing ineffectiveness of trial counsel in his original appeal would have been inconsistent with the theory of that appeal. In addition, the defendant argues that any improper inducement for the entry of his guilty pleas could not have been raised in the original appeal because of the failure of his trial counsel to raise the issue within the time period prescribed (87 Ill. 2d R. 605(b)(2)).

The defendant asks that he be given a hearing on his

post-conviction petition so that his present counsel may, for the purpose of establishing that he received ineffective assistance, make a record of facts (i) in mitigation, and (ii) evidencing improprieties in the guilty plea based on trial counsel's recommendation that the defendant's only hope of avoiding the death penalty was to plead guilty, which was not part of the record in his original appeal.

The defendant argues that a number of factors should have been presented as mitigating factors at his sentencing hearing. These include "borderline retardation, poor conceptual ability, inability to subtract 7 from 100, auditory hallucination during the murders, reports of trauma following the witnessing of a murder at age eight, a heroin habit, a steadily dropping IQ over a five-year period, a good disciplinary record while incarcerated, and a change of attitude toward himself and others as witnessed by the jail psychological consultant." Counsel for the defendant argues that this evidence, which was taken from reports contained in the original trial court file, together with possible testimony by the defendant's mother and his girlfriend, none of which was presented at the sentencing hearing, may have justified a sentence other than death. We have no knowledge, however, of what the testimony of the mother and girlfriend might have been because defendant's present counsel neither alleged in the post-conviction petition what their testimony would have been nor submitted affidavits or made an offer of proof revealing the substance of what they could testify about.

Moreover, in oral argument before this court, present counsel charged that his predecessor informed the defendant that the only way he could escape a death sentence was by pleading guilty and that the futility of that advice was underscored by his incompetence at the death sentence hearing. However, the record does not reveal

that this was presented to the trial court in the post-conviction petition or even to this court except by way of counsel's statement in his oral argument.

The State contends that, regardless of the alleged ineffectiveness of trial counsel, this court's decision in the previous appeal is *res judicata* as to all issues presented in the post-conviction petition. Citing *People v. Kamsler* (1968), 39 Ill. 2d 73, 74, the State points out that "[i]t is well settled that where a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all issues which could have been presented to the reviewing court, if not presented, are waived." The State concludes that the defendant had sufficient opportunity to raise the ineffective-assistance claim in the original appeal and that his failure to do so is *res judicata* as to that claim.

Defendant contends that factors which would reveal trial counsel's incompetence at the sentencing hearing were not in the record and, therefore, the "complete record" requirement of *Kamsler* has not been met. We disagree. Unlike *People v. Thomas* (1967), 38 Ill. 2d 321, the issues raised in defendant's petition could have been addressed in the original appeal because every ground for ineffectiveness that defendant has properly raised was apparent from the original appellate record or could have been supplemented to that record under our Rule 329 (87 Ill. 2d R. 329).

The evidence he now wishes to present with respect to oversights of trial counsel in the sentencing hearing was available to present counsel in the original appeal to this court. The psychological data referred to by defendant's present counsel was on file with the circuit court at the time of the direct appeal. Because all of the evidence that was needed to show the adequacy or inadequacy of

trial counsel's representation was available to counsel at that time, we find no substance in the present argument that to have raised the issue of ineffective assistance of trial counsel in the first appeal would have either been premature or resulted in a piecemeal approach.

In the original appeal, the defendant argued that the Illinois death penalty provisions (Ill. Rev. Stat. 1979, ch. 38, par. 9—1) were unconstitutionally vague and failed to provide sufficient guidance to the trial judge, the prosecutor and his defense attorney. His counsel explained both in oral argument in this court on the original appeal and in the circuit court in the post-conviction proceeding that in the prior appeal he did not pursue the question of his predecessor's effectiveness because the statute lacked standards sufficiently definite to tell trial counsel what he was supposed to do. In rejecting the constitutional argument, this court never addressed the issue of ineffective assistance of trial counsel because it was never presented. Present counsel explains in this appeal his failure to raise this issue in the first appeal by stating that it would have been "premature," "piecemeal" and "in conflict with his position in the Supreme Court."

The defendant's counsel's claim that such an argument would have been contradictory or inconsistent with the position he took in that appeal is without merit. Any appellant may argue in the alternative. Counsel could have argued that the death statute lacked adequate standards but that if the standards were held to be adequate, trial counsel failed to provide effective assistance. Therefore, the State is correct in its position that *res judicata* applies to the defendant's claim or, stated in another way, that he waived the claim of ineffective assistance of counsel by failing to raise it in the first appeal when the record would have permitted him to do so.

The defendant's assertion that an evidentiary hearing should be held on his claim of ineffectiveness based on

improper inducement to plead guilty is also inaccurate. Trial counsel's failure to negotiate a recommendation for a lesser sentence in exchange for a guilty plea and the question of whether or not he used the guilty plea for tactical advantage at the sentencing hearing was apparent from the original proceedings. In addition, trial counsel's failure to challenge the plea within the time period prescribed was also apparent from the record and could have been argued as a ground for ineffective assistance of counsel in the original appeal.

The trial court correctly ruled that the petition did not require a hearing, and the judgment of the circuit court of St. Clair County is affirmed. The clerk of this court is directed to enter an order fixing Wednesday, March 12, 1986, as the date on which the sentence of death entered in the circuit court shall be executed at the Stateville Correctional Center at Joliet. The defendant shall be executed by lethal injection in the manner provided by section 119—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 119—5). A certified copy of the mandate in this case shall be furnished by the clerk of this court to the Director of Corrections and the wardens of the State correctional centers at Menard and Joliet.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

The defendant in this case argues that his trial counsel failed to provide proper representation because he did nothing. While we are not triers of fact and cannot predict what effect presentation of the evidence the defendant seeks to introduce at an evidentiary hearing would have had on the jury, I am convinced that this defendant who "challenges a death sentence" has shown that "there is a reasonable probability that, absent the errors, the sentencer *** would have concluded that the

balance of aggravating and mitigating circumstances did not warrant death." (*Strickland v. Washington* (1984), 466 U.S. 668, 695, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2069.) This conclusion is based on the trial counsel's failure to place into evidence the defendant's psychological problems, his educational shortcomings, his lifestyle and his conduct during incarceration. The pleas of guilty with the encouragement of the defendant's trial counsel but without any inducement, together with counsel's very limited efforts during the sentencing hearing when evidence in mitigation was available but not offered, would have required judicial attention, had these matters been argued during the original appeal.

It is unlikely that this defendant can be forever foreclosed from a hearing on whether his trial counsel afforded him adequate representation. Nor should he be foreclosed from such a hearing when his life is at stake. Barred by the conclusions set forth in the majority opinion from contending that his original trial counsel was ineffective, obviously his next line of attack must be that his appellate counsel was ineffective for failing to raise the issue of the ineffectiveness of his predecessor. Determination of this issue will necessitate a collateral inquiry into the quality of the original counsel's representation at the murder trial. Waiver and *res judicata* will stretch only so far; in a capital case, they must snap in the face of the contention that a successor counsel was ineffective in failing to argue on appeal the ineffectiveness of his predecessor at trial.

Instead of dismissing this appeal on the ground that the issue it raises could and should have been presented in the earlier appeal and then waiting for another proceeding challenging the performance of his present counsel, I believe that justice requires that the defendant be given a hearing to determine whether he received effective assistance of counsel at his sentencing hearing. Im-

plicit in this conclusion, of course, is the question of whether the defendant received effective assistance of counsel in his previous appeal. Because the answer to this question necessarily hinges on the effectiveness of his original trial counsel, the ultimate inquiry must be into that attorney's competence. It would be wasteful to treat this problem like an onion that is peeled one layer at a time. Instead, I believe that judicial economy would be best served by cutting directly to the core to determine in an evidentiary hearing whether the defendant's trial counsel was ineffective. Somewhere along the line before the defendant can be executed, a court will have to decide after an evidentiary hearing whether a trial attorney who did virtually nothing when evidence in mitigation was available, assuming that that is what the evidence will show, was effective in representing a defendant facing a death sentence. I believe that making that determination now is preferable to deferring it to some future proceeding.

At this point it is impossible to forecast the extent to which the defendant's post-conviction proceeding will turn upon the ineffectiveness of his present counsel because of that attorney's previous failure to raise the question of the performance of trial counsel or upon the ineffectiveness of trial counsel, in which case present counsel may still be required to explain his failure to raise it at an earlier stage. In either event, it would be illogical and inconsistent with basic concepts of justice to expect the defendant's present counsel to inquire into or to defend his own effectiveness. For that reason, I would remand this case with directions to the circuit court under our supervisory authority (Ill. Const. 1970, art. VI, sec. 16) to appoint new counsel to act for the defendant in further proceedings with respect to his claim for post-conviction relief.