(No. 83756.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANDRE JONES, Appellant.

*Opinion filed June 15, 2000.—Rehearing denied July 3, 2000.*

FREEMAN, J., joined by HARRISON, C.J., and McMORROW, J., dissenting.

Brian K. Trentman, of Belleville, and Howard B. Eisenberg, of Milwaukee, Wisconsin, for appellant.

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and William L. Browers and J. Paul Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

On August 23, 1979, the petitioner, Andre Jones, pleaded guilty to three counts of first degree murder. On April 15, 1980, petitioner was sentenced to death. Petitioner currently appeals from a St. Clair County circuit court order dismissing his third post-conviction petition without an evidentiary hearing. Because petitioner was sentenced to death, this court has jurisdiction over the instant appeal pursuant to Supreme Court Rule 651(a) (134 Ill. 2d R. 651(a)). We affirm.

## BACKGROUND

Petitioner pleaded guilty in the circuit court of St. Clair County to three counts of first degree murder. A jury sentenced petitioner to death for each of the murder convictions. On direct appeal, this court affirmed petitioner's convictions and two of his death sentences. We vacated petitioner's third death sentence, however, and

remanded for imposition of a sentence other than death on that conviction. *People v. Jones*, 94 Ill. 2d 275 (1982). The United States Supreme Court denied petitioner's petition for writ of *certiorari. Jones v. Illinois*, 464 U.S. 920, 78 L. Ed. 2d 264, 104 S. Ct. 287 (1983).

Petitioner subsequently filed a petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel at both the guilty plea stage and at sentencing. The circuit court dismissed the post-conviction petition without an evidentiary hearing, and we affirmed, holding petitioner's claims were barred by *res judicata* because they could have been raised on direct appeal but were not. *People v. Jones*, 109 Ill. 2d 19 (1985). Petitioner filed a second post-conviction petition alleging his attorney on direct appeal and in the first post-conviction proceedings was ineffective for failing to challenge the competency of his trial attorney. After conducting an evidentiary hearing, the circuit court denied petitioner's second post-conviction petition. Once again, we affirmed. *People v. Jones*, 144 Ill. 2d 242 (1991).

Petitioner then filed a petition for a writ of *habeas corpus* in federal court. The district court dismissed the petition (*Jones v. Welborn*, 877 F. Supp. 1214 (S.D. Ill. 1994)), and the Seventh Circuit Court of Appeals affirmed (*Jones v. Page*, 76 F.3d 831 (7th Cir. 1996)).

Petitioner subsequently filed a third post-conviction petition, which is the subject of this appeal. In this petition, petitioner alleges that his due process rights under the United States and Illinois Constitutions were violated when the trial judge failed to conduct a fitness hearing based on petitioner's ingestion of psychotropic drugs at the time of his plea and sentencing. Petitioner also alleges that his trial counsel was ineffective for failing to request such a fitness hearing. The circuit court dismissed the post-conviction petition without an evidentiary hearing.

### · ANALYSIS

The Post-Conviction Hearing Act contemplates the filing of only one post-conviction petition. *People v. Flores*, 153 Ill. 2d 264, 273 (1992); *People v. Free*, 122 Ill. 2d 367, 375 (1988). Moreover, section 122—3 of the Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122—3 (West 1998); *Flores*, 153 Ill. 2d at 274; *Free*, 122 Ill. 2d at 375-76. A ruling on an initial post-conviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition. *Flores*, 153 Ill. 2d at 274; *Free*, 122 Ill. 2d at 376. Consequently, defendant faces a daunting procedural hurdle when bringing a successive post-conviction petition. *People v. Jones*, 191 Ill. 2d 194, 198 (2000).

In *Flores*, this court held that the procedural bars of waiver and *res judicata* may be relaxed with respect to successive post-conviction petitions only under certain circumstances. Under the "cause and prejudice" test announced in *Flores*, claims in a successive post-conviction petition are barred unless the petitioner can establish good cause for failing to raise his claims in prior proceedings and actual prejudice resulting from the claimed errors. *Flores*, 153 Ill. 2d at 279. For purposes of this test, "cause" is defined as " ' "some objective factor external to the defense [that] impeded counsel's efforts" to raise the claim' in an earlier proceeding" (*Flores*, 153 Ill. 2d at 279, quoting *McClesky v. Zant*, 499 U.S. 467, 493, 113 L. Ed. 2d 517, 544, 111 S. Ct. 1454, 1470 (1991), quoting *Murray v. Carrier*, 477 U.S. 478, 488, 91 L. Ed. 2d 397, 408, 106 S. Ct. 2639, 2645 (1986)) and "prejudice" is defined as "an error which ' "so infected the entire trial that the resulting conviction violates due process" ' " (*Flores*, 153 Ill. 2d at 279, quoting *United States v. Frady*, 456 U.S. 152, 169, 71 L. Ed. 2d 816, 831, 102 S. Ct. 1584,

1595 (1981), quoting *Henderson v. Kibbe,* 431 U.S. 145, 154, 52 L. Ed. 2d 203, 212, 97 S. Ct. 1730, 1737 (1977)).

We need not decide whether petitioner's first claim, that the trial court violated petitioner's due process rights when it failed to conduct a fitness hearing based on petitioner's ingestion of psychotropic drugs, is procedurally barred because this claim is not a constitutional claim which is cognizable in post-conviction proceedings. *People v. Mitchell,* 189 Ill. 2d 312, 328-29 (2000) (holding a trial court's failure to conduct a fitness hearing under section 104—21(a) of the Code of Criminal Procedure of 1963 when a defendant is taking psychotropic drugs at trial or sentencing does not constitute a violation of due process, and, therefore, is not a cognizable claim in post-conviction proceedings).

Petitioner's ineffective assistance of counsel claim, unlike petitioner's first claim, is cognizable in post-conviction proceedings. Therefore, we must determine whether petitioner's claim is procedurally barred. Applying the cause and prejudice test to the instant case, it is clear that petitioner remains procedurally barred from bringing this ineffective assistance of counsel claim in his third post-conviction petition. Even if petitioner could establish cause for failing to raise his claims earlier, he cannot establish prejudice resulting from his trial counsel's failure to request a fitness hearing.

The record in this case belies petitioner's assertion that his trial counsel was ineffective for failing to request a fitness hearing in light of petitioner's ingestion of psychotropic drugs and his history of mental illness. Cheryl Prost, a psychologist, evaluated petitioner before and after he entered his guilty plea and concluded that petitioner was sane at the time he committed the murders and that he was fit to stand trial. *Jones,* 144 Ill. 2d at 258. In a report filed with the trial court one week after petitioner pleaded guilty, Prost reached the following conclusion:

"No pathology was found concerning psychosis or mental retardation nor significant substance abuse. What has been found is a very pathological personality disorder which has been present since childhood and which has not changed through the efforts of numerous state penal institutions. Mr. Jones has had poor control over his anger and impulsiveness as well as had little respect for the rights and lives of others."

Dr. Peter P. Heinbecker, a psychiatrist, examined petitioner when he confessed to two additional murders prior to his sentencing hearing. Dr. Heinbecker also concluded that petitioner was sane at the time of the murders for which he pleaded guilty and that petitioner was fit for trial. *Jones v. Page*, 76 F.3d at 843-44, 846.

The primary support for petitioner's claim that his trial counsel was ineffective for failing to request a fitness hearing is an affidavit from Dr. Michael M. Gelbort. Dr. Gelbort determined that petitioner's verbal and performance IQ's are at the "lowest end of the low average range" and that petitioner suffers from a number of cognitive impairments, including attention deficit disorder. None of this evidence, however, establishes that there was a *bona fide* doubt of his fitness or a reasonable probability that petitioner would have been found unfit if a fitness hearing had been conducted. See *Mitchell*, 189 Ill. 2d at 333-34. Thus, we conclude that petitioner has failed to establish that his trial counsel's failure to request a fitness hearing infected petitioner's trial to such a degree that his resulting conviction violated due process. Since petitioner is unable to satisfy the prejudice prong of the cause and prejudice test, he is procedurally barred from bringing this claim in a successive post-conviction petition.

Finally, petitioner argues that it would be fundamentally unfair and unconstitutional to execute him without conducting an evidentiary hearing on his post-conviction petition. Petitioner asserts that his 30-year history of

mental illness necessitates an evidentiary hearing on his claims. We disagree. A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right; the Act requires an evidentiary hearing only when the petitioner makes a substantial showing of a violation of his constitutional rights. *People v. Hobley*, 182 Ill. 2d 404, 427-28 (1998). Petitioner has failed to make such a showing.

## CONCLUSION

For the reasons stated, the judgment of the circuit court of St. Clair County dismissing petitioner's third post-conviction petition without an evidentiary hearing is affirmed. The clerk of this court is directed to enter an order setting Tuesday, November 21, 2000, as the date on which the sentence of death entered in the circuit court of St. Clair County is to be carried out. The petitioner shall be executed in the manner provided by law (725 ILCS 5/119—5 (West 1996)). The clerk of this court shall send a certified copy of the mandate in this case to the Director of Corrections, to the warden of Tamms Correctional Center, and to the warden of the institution where defendant is now confined.

JUSTICE FREEMAN, dissenting:

I respectfully dissent.

Defendant filed his petition on July 10, 1996. At that time, the law in this state provided an automatic rule of reversal for those defendants who were entitled to a fitness hearing by virtue of their ingestion of psychotropic drugs. See *People v. Nitz*, 173 Ill. 2d 151 (1996); *People v. Birdsall*, 172 Ill. 2d 464 (1996); *People v. Brandon*, 162 Ill. 2d 450 (1994). By the time the parties completed the briefing in this case, in June 1998, the law had changed from one of automatic reversal to a case-specific inquiry. See *People v. Burgess*, 176 Ill. 2d 289 (1997); *People v.*

*Neal*, 179 Ill. 2d 541 (1997). The parties argued the case before this court in September 1998. Unfortunately for defendant, 16 months later, this court again changed the law in this area in *People v. Mitchell*, 189 Ill. 2d 312 (2000).

In *Mitchell*, this court held, contrary to precedent, that a psychotropic drug claim couched in terms of a denial of due process is not cognizable under the Post-Conviction Hearing Act. The court further held that in order to establish ineffective assistance of counsel for counsel's failure to request the statutorily mandated fitness hearing, a defendant must show that the outcome of the hearing would have resulted in a finding that defendant was, in fact, unfit. I dissented in *Mitchell*, arguing that the decision was contrary to *stare decisis*. See *Mitchell*, 189 Ill. 2d at 363 (Freeman, J., dissenting, joined by Harrison, C.J. and McMorrow, J.). Consistent with that dissent, I continue to believe that the court's action in *Mitchell* was unwarranted. I, therefore, would decide this appeal, along with its procedural complexities, on the basis of the law as it stood prior to the issuance of *Mitchell*. See *Mitchell*, 189 Ill. 2d at 395 (Freeman, J., dissenting, joined by Harrison, C.J., and McMorrow, J.); *People v. Jones*, 191 Ill. 2d 194, 202-03 (2000) (Freeman, J., dissenting, joined by Harrison, C.J. and McMorrow, J.).

That said, I wish to again stress the continued unfortunate and unjust result of the court's decision in *Mitchell*. In this case, as in our recent case of *People v. Jones*, 191 Ill. 2d 194 (2000), the law changed in mid-appeal. This change in law harms this defendant, as it did defendant Jones, because the court today rules on procedural grounds that did not exist at the time defendant's attorneys filed his brief and argued the case. See *Jones*, 191 Ill. 2d at 203 (Freeman, J., dissenting, joined by Harrison, C.J., and McMorrow, J.). My colleagues today hold that defendant's allegations and sup-

porting affidavits do not establish "prejudice resulting from his trial counsel's failure to request a fitness hearing." 191 Ill. 2d at 359. Frankly, I am not surprised that defendant's post-conviction evidence does not meet this high standard because at the time defendant filed his petition, this was not the standard to be utilized in such cases. All that was required under our case law to succeed on such a claim was evidence showing the defendant's ingestion of a psychotropic drug under medical direction at the time of the proceedings. Defendant's claim fails today simply because at the time he pleaded his *Brandon* claim defendant did not have the foresight to know that this court would, almost one and one-half years after the date of his oral argument, raise the quantum of evidence necessary to assert a successful ineffective assistance of counsel claim.

CHIEF JUSTICE HARRISON and JUSTICE Mc-MORROW join in this dissent.