(No. 88198.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. VELTON L. WOODS, Appellant.

*Opinion filed October 26, 2000.*

Daniel M. Kirwan, Deputy Defender, and John H. Gleason, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

James E. Ryan, Attorney General, of Springfield, and William Haine, State's Attorney, of Edwardsville (Joel D. Bertocchi, Solicitor General, and William L. Browers and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

Petitioner, Velton L. Woods, filed a petition in the circuit court of Madison County requesting relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1996)). The appellate court dismissed his petition as not timely filed. 306 Ill. App. 3d

1144. The sole question presented is whether the phrase "date of conviction," as it is used in section 122—1(c) of the Act (725 ILCS 5/122—1(c) (West Supp. 1997)), means the date that a final judgment including sentence was entered, or the date that a plea, finding or verdict of guilty was entered. We hold that the phrase has the former meaning and, accordingly, reverse the appellate court.

## BACKGROUND

On July 26, 1994, petitioner's guilty plea to first degree murder and armed robbery was entered by the circuit court. On February 7, 1995, the circuit court sentenced petitioner to concurrent terms of 45 years' imprisonment for murder and 20 years' imprisonment for armed robbery. The appellate court affirmed petitioner's convictions and sentences on direct appeal on March 25, 1997. No. 5—95—0230 (unpublished order pursuant to Supreme Court Rule 23).

On August 7, 1997, petitioner mailed his post-conviction petition to the circuit court, along with accompanying materials. The circuit court summarily dismissed the petition, finding that it was not timely filed and patently without merit.

Petitioner appealed, arguing that he had filed his petition in a timely manner, and that he had stated the gist of a constitutional claim. The appellate court affirmed the summary dismissal of the petition on the ground that it was not timely. The appellate court held that, for purposes of section 122—1(c), the "date of conviction" was the date of petitioner's guilty plea. Having found the timeliness issue dispositive, the appellate court did not address the merits of the petition.

## ANALYSIS

Petitioner contends that his post-conviction petition was timely filed. According to petitioner, as used in sec-

tion 122—1(c) of the Act, the phrase "date of conviction" means the date of his sentence, not the date of his guilty plea.

Section 122—1(c) sets forth the time limit within which a post-conviction petition must be filed, as follows:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or *3 years from the date of conviction*, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." (Emphasis added.) 725 ILCS 5/122—1(c) (West Supp. 1997).

The parties agree that, of the various dates provided for by section 122—1(c), post-conviction proceedings must have been commenced by whichever date was sooner, *i.e.*, the earliest date.

The parties also agree on how to calculate the first time period under the statute. Six months from the due date for the filing of petitioner's petition for leave to appeal with this court was October 15, 1997. See 177 Ill. 2d R. 315(b).

The parties' disagreement concerns how to calculate the last time period, which is "3 years from the date of conviction." If, as petitioner argues, "date of conviction" means the date that final judgment including sentence was entered, the filing date would be February 7, 1998, three years from the date of entry of petitioner's sentence. If, on the other hand, "date of conviction" means the date on which an adjudication of guilt was entered, as the State contends, the filing date would be July 26, 1997, three years from the date of entry of his guilty plea.

Petitioner here mailed his post-conviction petition on

August 7, 1997. Petitioner asserts that the earliest date under section 122—1(c) was October 15, 1997, and, thus, that his petition was timely filed. In contrast, the State claims that the petition was not timely filed, because the earliest date was July 26, 1997. We agree with petitioner.

The cardinal rule of statutory construction is to ascertain and give effect to the true intent of the legislature. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning. *People v. Tucker*, 167 Ill. 2d 431, 435 (1995). In construing a statute, a court may also consider the reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained. *People v. Steppan*, 105 Ill. 2d 310, 316 (1985). The interpretation of a statute is a question of law, for which we conduct *de novo* review. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996).

The State concedes that the word "conviction" is ambiguous. We agree with this concession. Depending on the context, the word "conviction" can be reasonably construed to mean the date of sentence, or the date on which an adjudication of guilt was entered. For example, in *People v. Robinson*, 89 Ill. 2d 469 (1982), this court equated the date of conviction with the date of sentencing. At issue was the interpretation of section 5—5—3.2(b)(1) of the Unified Code of Corrections, which allowed extended-term sentencing when " 'a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years.' " *Robinson*, 89 Ill. 2d at 472, quoting Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1). This court held that, for purposes of determining when the 10-year period began to run, "the date of a conviction is the date of entry of the sentencing order." *Robinson*, 89 Ill. 2d at 477. This holding was recently followed in *People*

*v. Lemons*, 191 Ill. 2d 155, 159 (2000). On the other hand, in *People v. Franklin*, 135 Ill. 2d 78, 105-07 (1990), this court held that, for purposes of the multiple-murder death eligibility factor, a defendant is "convicted" once a court enters judgment on a guilty verdict. Therefore, given this ambiguity, we must look to other aids of construction in order to interpret "conviction" for purposes of section 122—1(c) of the Act.

The Act contains no definition of the phrase "date of conviction" or the term "conviction." See 725 ILCS 5/122—1 *et seq.* (West 1996). The Act is part of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/100—1 *et seq.* (West 1996)). Although the Code defines several words and phrases, it does not define the term "conviction." See 725 ILCS 5/100—1 *et seq.* (West 1996). Nonetheless, the Code instructs that a word with no definition may be given the meaning ascribed to it in article 2 of the Criminal Code of 1961 (720 ILCS 5/2—.5 *et seq.* (West 1996)). 725 ILCS 5/102—2 (West 1996). That article defines the term "[c]onviction" as "a *judgment of conviction or sentence* entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Emphasis added.) 720 ILCS 5/2—5 (West 1996). In addition, the Code defines the term "[j]udgment" as "an adjudication by the court that the defendant is guilty or not guilty *and if the adjudication is that the defendant is guilty it includes the sentence pronounced by the court.*" (Emphasis added.) 725 ILCS 5/102—14 (West 1996). These statutory definitions support the view that, for purposes of section 122—1(c) of the Act, "date of conviction" means the date that sentence was entered, because that date includes the sentence pronounced by the court.

More importantly, equating "conviction" in section 122—1(c) with the date of sentence is consistent with the

purposes underlying the Post-Conviction Hearing Act. The Act is intended to provide a remedy for constitutional violations that occur at trial or sentencing. See *People v. Brisbon*, 164 Ill. 2d 236, 242, 245-58 (1995). The Act thus contemplates that a petitioner will raise in one post-conviction petition all constitutional issues (see *People v. Flores*, 153 Ill. 2d 264, 273 (1992)), whether they relate to trial or sentencing (see *Brisbon*, 164 Ill. 2d at 242, 245-58).

In conclusion, we hold that, for purposes of section 122—1(c) of the Act, "date of conviction" means the date that final judgment including sentence was entered. To the extent that the decisions in *People v. Perry*, 293 Ill. App. 3d 113 (1997), and *People v. McClain*, 292 Ill. App. 3d 185 (1997), suggest that "date of conviction" means the date that a verdict or finding of guilty was entered, those decisions are hereby overruled.

As a final matter, both petitioner and the State request that we remand this matter to the appellate court for consideration of any issues that were raised but which the appellate court did not reach as a result of its holding that the petition was not timely. This request is granted. See *People v. Lowery*, 178 Ill. 2d 462, 473 (1997).

CONCLUSION

For the foregoing reasons, the judgment of the appellate court is reversed. The cause is remanded to the appellate court with directions.

*Appellate court judgment reversed;*
*cause remanded with directions.*