THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE WALKER, Defendant-Appellant.

First District (3rd Division)    No. 1—00—0948

Opinion filed May 15, 2002.—Rehearing denied June 20, 2002.—Modified opinion filed June 26, 2002

---

Michael Pelletier and Christopher W. Buckley, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Susan M. Caraher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CERDA delivered the opinion of the court:

Defendant, George Walker, whose convictions and sentences for aggravated criminal sexual assault were affirmed on direct appeal, appeals the order of the circuit court summarily dismissing his petition for relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1996)) as untimely. In his petition, defendant asserts various claims of ineffective assistance of trial counsel as well as a myriad of errors committed by the circuit court during the course of the trial proceedings. Defendant abandons those claims on appeal and, instead, challenges for the first time the constitutionality of his extended-term and consecutive sentences entered on his criminal convictions in light of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Because we find that *Apprendi* does not apply retroactively under the facts of this case, we affirm.

## BACKGROUND

In separate jury trials held in late 1989, Nos. 88—CR—6383 and 88—CR—6384, defendant was convicted of one count each of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(c)). In case No. 88—CR—6384, defendant received an extended-term sentence of 60 years in prison pursuant to section 5—8—2(a) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—2(a)) upon the sentencing court's finding under section 5—5—3.2(b)(2) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(2)) that defendant's criminal conduct was exceptionally brutal

or heinous indicative of wanton cruelty. On direct appeal to this court, defendant's conviction and sentence were affirmed in an unpublished order (*People v. Walker*, No. 1—89—2919 (March 31, 1995) (unpublished order pursuant to Supreme Court Rule 23)), and defendant thereafter did not seek further review.

Following his conviction in case No. 88—CR—6383, defendant was sentenced to an extended term of 60 years' imprisonment pursuant to sections 5—8—2(a) and 5—5—3.2(b)(1) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(1)) based upon his prior conviction in case No. 88—CR—6384. As provided by section 5—8—4(b) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(b)), defendant's sentence was ordered to run consecutively to the sentence imposed in his prior case. Defendant's conviction and sentences were subsequently affirmed by this court on direct appeal (*People v. Walker*, 253 Ill. App. 3d 93, 624 N.E.2d 1353 (1993)), and defendant did not seek further review.

After exhausting his direct appeals, defendant petitioned *pro se* for postconviction relief in both cases on April 29, 1997. In his petitions, defendant raised numerous issues concerning the effectiveness of the legal representation he received and a myriad of rulings made by the circuit court during the course of his respective prosecutions. At some point thereafter, the State moved to dismiss defendant's petitions, contending they were time-barred under section 122—1 of the Act or, in the alternative, that the claims raised therein fail to show that a substantial constitutional violation occurred at either of defendant's trials.

The circuit court considered defendants' petitions at a hearing held on February 8, 2000. Upon consideration of the parties' respective positions, the circuit court summarily dismissed the petitions as time-barred under the Act.

Defendant's timely appeal followed.

## ANALYSIS

■ A proceeding under the Post-Conviction Hearing Act is not an appeal of the underlying conviction but, rather, represents a collateral attack on the trial court proceedings in which the defendant attempts to establish constitutional violations that have not been, and could not have been, previously adjudicated. *People v. Henderson*, 171 Ill. 2d 124, 131, 662 N.E.2d 1287, 1292 (1996). Section 122—1 of the Act sets forth the time limitations in which a defendant must seek postconvic-

tion relief. The version of that provision in effect at the time defendant filed his petitions[1] reads in relevant part:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1 (West 1996).

A circuit court's dismissal of a postconviction petition without an evidentiary hearing is reviewed *de novo. People v. Coleman*, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063, 1075 (1998).

Here, the three-year limitations period set forth in section 122—1 governs the time in which defendant was required to petition for relief under the Act. Defendant's conviction in case No. 88—CR—6384 became final on October 11, 1989, and his appeal from that matter was decided by this court on March 31, 1995. In case No. 88—CR—6383, defendant's conviction was final on May 16, 1990, and resolution of defendant's appeal by this court occurred on September 7, 1993.[2] Applying the applicable limitations period, defendant's respective postconviction petitions were due no later than October 11, 1992, and May 16, 1993. Defendant's petitions were not filed until April 29, 1997, well beyond the applicable limitations period, and are therefore untimely.

Nonetheless, the Act enables defendant, who expressly concedes the untimeliness of his petitions, to maintain his request for relief provided he can show that the delay in filing was not due to his culpable negligence. 725 ILCS 5/122—1(c) (West 1998). In such instances, the defendant must support his assertion of no culpable negligence with allegations of specific fact showing why his tardiness should be excused. See *Lopez*, 317 Ill. App. 3d at 1053, 740 N.E.2d at

---

[1]The statute of limitations applicable to the filing of a defendant's postconviction petition is the statute that was in effect at the time the petition was filed. *People v. Bates*, 124 Ill. 2d 81, 85-86, 529 N.E.2d 227, 229 (1988).

[2]The applicable limitations period under section 122—1 is triggered by the date of sentencing. *People v. Woods*, 193 Ill. 2d 483, 489, 739 N.E.2d 493, 496 (2000). The circuit court imposed sentence on defendant on October 11, 1989, and May 16, 1990, respectively, and defendant's convictions became final on the foregoing dates when he did not file motions for rehearing but, instead, sought relief on direct appeal.

1184; see also *People v. Van Hee*, 305 Ill. App. 3d 333, 336, 712 N.E.2d 363, 366 (1999) ("[t]o show the absence of culpable negligence, a petitioner must allege facts justifying the delay"); *People v. McClain*, 292 Ill. App. 3d 185, 188, 684 N.E.2d 1062, 1064 (1997), *overruled in part and on other grounds by People v. Woods*, 193 Ill. 2d 483, 739 N.E.2d 493 (2000) (to warrant an evidentiary hearing on the issue of whether the delay in filing for postconviction relief was occasioned by culpable negligence, the defendant "must make a 'substantial showing' by alleging facts demonstrating that to be the case"). Vague, conclusory allegations will not suffice. *Lopez*, 317 Ill. App. 3d at 1054, 740 N.E.2d at 1184.

■ The standard of review applied by this court when reviewing a circuit court's determination regarding a defendant's lack of culpable negligence was recently clarified by our supreme court in *People v. Rissley*, No. 82536 (March 15, 2001). There, the court noted that, ordinarily, the circuit court's resolution of whether delay was occasioned by a defendant's culpable negligence will be disturbed on review only if that determination is manifestly erroneous. *Rissley*, slip op. at 6. However, according to the court, when no evidentiary hearing is held or no fact-finding is conducted by the circuit court, the determination regarding culpable negligence turns solely on the legal sufficiency of the defendant's pleadings. *Rissley*, slip op. at 6. The relevant inquiry thus becomes whether, taking the defendant's assertions concerning his lack of culpable negligence as true, the circuit court reached the correct legal conclusion. *Rissley*, slip op. at 6. Hence, the applicable standard of review is *de novo*. *Rissley*, slip op. at 6-7; see also *People v. Perry*, 293 Ill. App. 3d 113, 687 N.E.2d 1095 (1997), *overruled in part and on other grounds by People v. Woods*, 193 Ill. 2d 483, 739 N.E.2d 493 (2000). Accordingly, we will accept all well-pleaded factual allegations of defendant's petitions as true and determine whether those assertions are sufficient as a matter of law to demonstrate an absence of culpable negligence on defendant's part.

■ In an apparent attempt to explain his delay, defendant asserts in his petitions that he had been "abandoned" by his counsel following this court's resolution of his respective appeals, that he had insufficient personal funds to secure new counsel to prosecute a postconviction petition on his behalf, and that while incarcerated, "the prison went on a two year lockdown at which time meaningful legal services were not provided and [an] inmate paralegal was forbidden to interview or to meet with [him] to formulate a defense and file such necessary papers with the court." We find defendant's assertions legally insufficient to excuse his tardy requests for postconviction relief.

Defendant's first and second contentions essentially amount to a claim that his delay in seeking relief under the Act resulted from his failure to retain counsel to prosecute a petition. A defendant's inability to secure counsel, however, is not a justifiable excuse. See *People v. Diefenbaugh*, 40 Ill. 2d 73, 74, 237 N.E.2d 512, 513 (1968) (holding a defendant's financial inability to retain legal counsel to pursue a petition is insufficient to establish a lack of culpable negligence); *People v. Harrison*, 32 Ill. App. 3d 641, 643, 336 N.E.2d 143, 145 (1975) (same). The law expects defendants wishing to obtain postconviction relief to familiarize themselves with the Act's procedural mandates. See *Diefenbaugh*, 40 Ill. 2d at 74, 237 N.E.2d at 513 (the defendant's unawareness of the law regarding postconviction proceedings did not constitute an adequate explanation to explain delay in filing petition under the Act); *People v. Huffman*, 315 Ill. App. 3d 611, 614, 734 N.E.2d 479, 482 (2000) ("defendant's allegation that he was unfamiliar with the controlling limitations period is insufficient to establish a delay not due to his culpable negligence"). Thus, whether a defendant is able to retain counsel on his behalf to institute a postconviction claim has no bearing on the defendant's compliance with applicable filing period.

With respect to defendant's second explanation, we note the courts are willing under certain circumstances to excuse a defendant's late filing where the defendant claims that a prison lockdown precluded a timely request for relief by preventing the defendant's access to the prison law library. Where the record shows that a lockdown deprived a defendant from a "meaningful opportunity" to prepare a timely postconviction petition, the delay attributed to that lockdown is excusable and the defendant will not be found culpably negligent. *Van Hee*, 305 Ill. App. 3d at 337, 712 N.E.2d at 367; *People v. Mitchell*, 296 Ill. App. 3d 930, 933, 696 N.E.2d 365, 367 (1998); *Perry*, 293 Ill. App. 3d at 117, 687 N.E.2d at 1098; but see *McClain*, 292 Ill. App. 3d at 189-90, 684 N.E.2d at 1065 (holding because a postconviction petition need only set forth the gist of a meritorious constitutional claim, and need not be supported by either legal authority or argument, the denial of access to a prison law library does not excuse a petition's belated filing).

Were we to expand the above cases to cover instances, like here, where the asserted lockdown interfered with the petitioner's ability to confer with an in-prison legal assistant, defendant's claim in the present matter would nonetheless fail due to defendant's failure to support his claim with specific factual averments explaining precisely how the asserted lockdown impeded his ability to file a timely petition. Defendant has wholly failed to provide any details surrounding the prison facility's alleged "two year lockdown." Other than simply making the bald assertion that a lockdown hindered his ability to make a timely

request for relief, defendant never specifies when the lockdown occurred and, most notably, whether the lockdown was in effect during the applicable filing period. Without such allegations, we are left to speculate that defendant's delay was attributable solely or substantially to the prison lockdown. See *Van Hee*, 305 Ill. App. 3d at 337 (finding delay unwarranted where defendant did not present "specific facts indicating the duration of the lockdown" and stating "[a]bsent specific dates, we are left to speculate that the lockdown lasted a short period of time" and that defendant could not have utilized the law library during the applicable filing period); *Mitchell*, 296 Ill. App. 3d at 933-34, 696 N.E.2d at 637-38 (finding defendant failed to allege facts sufficient to show that lockdown hindered his efforts to make a timely request for relief under the Act); *Perry*, 293 Ill. App. 3d at 117, 687 N.E.2d at 1098 (same). Equally noteworthy is defendant's failure to explain how a meeting with the in-prison paralegal would have facilitated the timely filing of his petitions.

Defendant additionally seems to explain his tardiness by virtue of the recency in which the *Apprendi* case was decided. Defendant intimates that his postconviction *Apprendi* challenge to his sentences was not attributable to his culpable negligence because *Apprendi* had yet to be decided when the applicable filing period expired.

As a threshold matter, we note that while the first (*People v. Kizer*, 318 Ill. App. 3d 238, 252, 741 N.E.2d 1103, 1115 (2000)), second (*People v. Scullark*, 325 Ill. App. 3d 876, 892, 759 N.E.2d 565, 581 (2001)), fifth (*People v. Coulter*, 321 Ill. App. 3d 644, 659, 748 N.E.2d 240, 251 (2001)), and sixth (*People v. Montgomery*, 327 Ill. App. 3d 180, 190-91, 763 N.E.2d 369, 379 (2001)) divisions of this court have found *Apprendi* inapplicable to collateral proceedings, this particular division in *People v. Beachem*, 317 Ill. App. 3d 693, 706, 740 N.E.2d 389, 397 (2000), has determined that *Apprendi* does indeed apply retroactively to cases pending on collateral review. Of particular relevance to this case, we stated in *Beachem* that "*Apprendi* applies to a timely filed postconviction petition." 317 Ill. App. 3d at 706, 740 N.E.2d at 397. Despite our reference to *Apprendi*'s retroactive application to timely collateral proceedings, the matter of timeliness was not at issue in that case. Thus, we did not squarely confront the issue of whether *Apprendi*'s ruling should extend to an untimely postconviction petition. See *Beachem*, 317 Ill. App. 3d at 698, 740 N.E.2d at 392 ("[w]e limit our consideration of this question[, *i.e.*, whether *Apprendi* applies to cases on collateral review] to timely, first postconviction petitions. We make no comment on untimely or successive postconviction petitions").

In *People v. Jones*, 321 Ill. App. 3d 515, 747 N.E.2d 1074 (2001),

another division of this court considered the propriety of the circuit court's order dismissing a defendant's untimely, sixth petition for postconviction relief, which presented, *inter alia*, an *Apprendi* attack to his sentences. After a detailed examination of whether *Apprendi* applies retroactively to cases on collateral review, the *Jones* court adopted the reasoning of *Kizer* and *Scullark*, both of which held that *Apprendi*'s claims are not cognizable on collateral proceedings. *Jones*, 321 Ill. App. 3d at 523, 747 N.E.2d at 1081. The *Jones* court went further and commented on the matter of *Apprendi* claims raised in untimely postconviction petitions. According to the court, "*Apprendi* cannot be used to resurrect an otherwise procedurally barred successive postconviction petition." *Jones*, 321 Ill. App. 3d at 523, 747 N.E.2d at 1081. Accordingly, the court held that *Apprendi* does not apply to untimely, successive postconviction petitions. *Jones*, 321 Ill. App. 3d at 523, 747 N.E.2d at 1081. A review of the *Jones* opinion, which seems to suggest that *Apprendi* claims are not cognizable in belated, successive postconviction proceedings *as a matter of law*, reveals that the court did not concern itself with the import of the lack-of-culpable-negligence exception contained in section 122—1 of the Act.

Drawing in part on the holding in *Jones*, the Second District in *People v. Acosta*, 331 Ill. App. 3d 1, 7-8 (2001), similarly held that *Apprendi* has no retroactive application to untimely, initial petitions for postconviction relief. The court, however, indicated the safety valve provided late-filing petitioners in section 122—1 was relevant in determining whether such *Apprendi* claims are maintainable. In particular, the court stated that since "defendant's petition was untimely filed *and the trial court determined that defendant failed to show that he was not culpably negligent for its tardiness,*" "we find that *Apprendi* does not apply retroactively to defendant's untimely filed postconviction petition." (Emphasis added.) *Acosta*, 331 Ill. App. 3d at 8.

Most recently, the Third District in *People v. Lee*, 326 Ill. App. 3d 882, 762 N.E.2d 18 (2001), *appeal allowed*, 198 Ill. 2d 625 (2002), concluded that an *Apprendi* claim could be raised by a defendant in an untimely, successive postconviction petition. There, after the affirmance of the defendant's conviction and sentence on direct appeal, as well as after the dismissal of the defendant's initial petition for postconviction relief, the defendant filed a second postconviction petition attacking the constitutionality of his sentences based on *Apprendi*, which had been decided shortly before the petition's filing. The circuit court summarily dismissed the petition and defendant sought review. After determining that the defendant's successive petition was sustainable under the Act, the reviewing court addressed whether *Apprendi* applied retroactively to collateral cases and further considered whether

the untimeliness of the petition barred consideration of his *Apprendi* claim.

While noting that the defendant's second petition was filed well beyond the applicable limitations period, the court found the defendant's delay excusable where *Apprendi* had not been available to the defendant during the period in which he was required to seek relief and, further, where the defendant's sole basis for seeking relief was predicated on the *Apprendi* ruling. *Lee*, 326 Ill. App. 3d at 886, 762 N.E.2d at 22. These facts, according to the court, were sufficient to show that the defendant's delay in filing was not due to his culpable negligence. *Lee*, 326 Ill. App. 3d at 886, 762 N.E.2d at 23. Then following the holdings of *Beachem* and its progeny, the court found *Apprendi* applicable to cases on collateral review. *Lee*, 326 Ill. App. 3d at 888, 762 N.E.2d at 24.

■ Upon considering the operation of section 122—1 of the Act, and examining the above decisions, it is our opinion that *Apprendi* does not apply retroactively to an untimely, initial postconviction proceeding *where* the defendant's delay in filing for relief was due to his culpable negligence. We are not holding as a matter of law that *Apprendi* is never retroactively applicable to untimely, first petitions under the Act. Rather, *Apprendi* is inapplicable to those untimely, first postconviction petitions where a lack of culpable negligence is not shown by the defendant.

However, unlike the court in *Lee*, we do not believe *Apprendi*'s unavailability to a petitioner during the applicable filing period, standing alone, constitutes a valid excuse for a belated filing. Accordingly, defendant cannot rely on *Apprendi*'s unavailability to demonstrate a lack of culpable negligence in this case. Since defendant has failed to establish that his tardy filings were justifiable and not due to his culpable negligence, he is foreclosed from asserting his *Apprendi* claims.[3]

In an attempt to save his claims, defendant urges application of the "cause and prejudice" standard developed in the federal *habeas corpus* arena and adopted by the Illinois courts in certain areas of postconviction analysis. Particularly, the courts of this state employ

---

[3]We wish to dispel any suggestion on the part of defendant that his postconviction petitions were specifically brought to highlight *Apprendi* violations. In his briefs, defendant intimates that his delay in filing for relief was due to *Apprendi* only being recently decided. While defendant may have raised his *Apprendi* claims at the earliest possible opportunity here on appeal, the filing of defendant's petitions in the first instance was not motivated by *Apprendi*'s ruling. Indeed, defendant's petitions were filed more than three years before the issuance of the decision in *Apprendi*.

the "cause and prejudice" test as a means of determining whether fundamental fairness requires consideration of some postconviction claim that has been procedurally defaulted, either as a result of waiver or *res judicata*, by the petitioner.

■ In postconviction proceedings, all issues that were actually decided on direct appeal are *res judicata* (*People v. Orange*, 195 Ill. 2d 437, 456, 749 N.E.2d 932, 938 (2001); *People v. Mahaffey*, 194 Ill. 2d 154, 170, 742 N.E.2d 251, 261 (2000)), and those issues that could have been raised on review, but were not, are deemed waived. *People v. Owens*, 129 Ill. 2d 303, 315, 544 N.E.2d 276, 281 (1989); *People v. Flores*, 153 Ill. 2d 264, 274, 606 N.E.2d 1078, 1083 (1992). Further, issues raised in an original or amended postconviction petition and decided by the circuit court have *res judicata* effect, precluding reconsideration of those points in a subsequent postconviction proceeding. *Orange*, 195 Ill. 2d at 449, 749 N.E.2d at 939. Similarly, any claims not raised in the original or amended petition are deemed waived. 725 ILCS 5/122—3 (West 1996); *People v. Jones*, 191 Ill. 2d 354, 358, 732 N.E.2d 573, 575 (2000).

Application of the waiver and *res judicata* doctrines, however, is not absolute. For instance, courts will relax application of waiver and *res judicata* as a procedural bar when "fundamental fairness so requires." *Mahaffey*, 194 Ill. 2d at 171, 742 N.E.2d at 261. In these contexts, fundamental fairness warrants review of procedurally defaulted claims only when a defendant shows cognizable "cause" for his failure to raise the defaulted claims in a prior proceeding and "actual prejudice" resulting from the claimed errors. *Orange*, 195 Ill. 2d at 449, 749 N.E.2d at 940; *Mahaffey*, 194 Ill. 2d at 173, 742 N.E.2d at 262. "Cause" refers to an objective factor external to the defense that impeded defense counsel's efforts to raise the claim in the earlier proceeding. *Orange*, 195 Ill. 2d at 449, 749 N.E.2d at 940; *Mahaffey*, 194 Ill. 2d at 173, 742 N.E.2d at 262; *Jones*, 191 Ill. 2d at 358, 732 N.E.2d at 576. "Prejudice" refers to an error which so infected the entire trial proceeding that the defendant's conviction violates due process. *Orange*, 195 Ill. 2d at 449, 749 N.E.2d at 939-40; *Mahaffey*, 194 Ill. 2d at 173, 742 N.E.2d at 262; *Jones*, 191 Ill. 2d at 358, 749 N.E.2d at 576.

In essence, defendant advocates use of the "cause and prejudice" standard as a means of excusing untimely filed postconviction petitions. Defendant initially, and incorrectly, asserts our supreme court in *Rissley* adopted the "cause and prejudice" test in deciding whether a defendant's tardy filing will be excused. *Rissley* expressed no such holding. While noting the court's regular reference to United States Supreme Court *habeas corpus* case law for insight in handling post-

conviction cases, and while specifically recognizing the court's adoption in *People v. Franklin*, 167 Ill. 2d 1, 656 N.E.2d 750 (1995), of the "cause and prejudice" analysis when a postconviction petitioner raises issues that have been procedurally defaulted for failing to be presented on direct review, the *Rissley* court never embraced application of the "cause and prejudice" test in determining whether late-filed petitions under the Act may be sustained. Rather, as expected, the court looked to the "culpable negligence" exception expressly incorporated into section 122—1.[4]

■ We specifically decline defendant's invitation to recognize use of the "cause and prejudice" test in considering whether an untimely filed petition is sustainable under the Act. Our research has not unearthed, and defendant has not cited, any reported decision extending use of the "cause and prejudice" test to issues of timeliness under section 122—1. The General Assembly has specifically provided a safety valve to a late-filing petitioner by excusing any delay that is not attributable to the petitioner's culpable negligence. Where lack of culpable negligence is shown, a belated petition for postconviction relief may be maintained. In our opinion, whether an untimely petition is sustainable is to be determined, as provided by the legislature, solely within the framework of the Act and not pursuant to any independent determination of cause and prejudice.

## CONCLUSION

For the foregoing reasons, the order of the circuit court summarily dismissing defendant's petitions for postconviction relief is affirmed.[5]

Affirmed.

HALL, P.J., and WOLFSON, J., concur.

---

[4]The specific issue addressed by the court in *Rissley* was whether a defendant's reliance on the erroneous advice of counsel absolves the defendant of "culpable negligence" in filing a tardy request for postconviction relief.

[5]In any event, our supreme court has held *Apprendi* concerns are not implicated by the consecutive sentencing scheme embodied in section 5—8—4(b) of the Code, provided the defendant's individual sentences are within the prescribed statutory range. *People v. Carney*, 196 Ill. 2d 518, 536, 752 N.E.2d 1137, 1147 (2001); *People v. Wagener*, 196 Ill. 2d 269, 286, 752 N.E.2d 430, 441 (2001). The courts also have been unanimous in their findings that the sentencing scheme contained in sections 5—8—2(a) and 5—5—3.2(b)(1) of the Code, which allow for an enhanced sentence based on the defendant's prior conviction, similarly do not offend *Apprendi*. *People v. Pulgar*, 323 Ill. App. 3d 1001, 1015, 752 N.E.2d 585, 596 (2001); *People v. Garry*, 323 Ill. App. 3d 292,

301, 752 N.E.2d 1244, 1251 (2001); *People v. Dillard*, 319 Ill. App. 3d 102, 109, 745 N.E.2d 185, 191 (2001). *Apprendi*'s inapplicability aside, defendant's challenge to his extended term sentence imposed in case No. 88—CR—6383, as well as his attack on his consecutive sentences, would thus fail.