NOTICE
Decision filed 08/17/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170096-U

NO. 5-17-0096

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 00-CF-2229 |
| | ) | |
| MICHAEL L. SPARKS, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court did not err when it denied the defendant's motion for leave to file a successive petition for postconviction relief, because the defendant's claims failed to make a *prima facie* showing of cause and prejudice as required when requesting leave to file a successive postconviction petition.

¶ 2     The defendant, Michael Sparks, appeals the trial court's February 8, 2017, order denying his motion for leave to file a successive postconviction petition for postconviction relief. For the following reasons, we affirm.

1

¶ 3                            I. BACKGROUND

¶ 4    The facts necessary to our disposition of this appeal follow. The defendant was convicted of first-degree murder for the shooting death of his wife following a trial in the circuit court of Madison County. He was subsequently sentenced to 35 years' imprisonment. The defendant's conviction and sentence were affirmed on direct appeal. See *People v. Sparks*, No. 5-03-0297 (Apr. 11, 2006) (unpublished order pursuant to Illinois Supreme Court Rule 23). On May 24, 2007, the defendant filed a petition for postconviction relief pursuant to section 122-1 of the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2006)), claiming, *inter alia*, that he was denied effective assistance of counsel when his attorney failed to investigate and produce witnesses to rebut testimony from Manuel Tomerlin, an inmate who was housed within the same cellblock as the defendant. According to Tomerlin's testimony the defendant had confessed to intentionally killing his wife. The defendant also claimed that this confession was obtained in violation of his constitutional rights.

¶ 5    The trial court dismissed the defendant's petition for postconviction relief, and the defendant appealed. This court reversed the trial court's dismissal, finding that "the defendant should be allowed the opportunity to expand upon the existing claims and add additional claims." *People v. Sparks*, No. 5-09-0314, order at 3-4 (Apr. 15, 2010) (unpublished summary order pursuant to Illinois Supreme Court Rule 23(c)). Following the reversal, this court remanded to allow the defendant an opportunity to amend his postconviction petition and directed the trial court to "conduct a new second-stage hearing" on the amended petition. *Id.* at 3.

2

¶ 6     On remand, the defendant filed an amended petition for postconviction relief, arguing, *inter alia*, that the State presented testimony at the trial that it knew or reasonably should have known was false, *i.e*., Tomerlin's testimony concerning the defendant's confession; that this confession was obtained in violation of his constitutional rights; that trial counsel was ineffective for his failure to investigate and produce witnesses to impeach Tomerlin's testimony; and that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness on appeal.

¶ 7     Regarding Tomerlin's testimony, the defendant argued that the State knew or reasonably should have known that Tomerlin presented false testimony at trial. Attached to the defendant's postconviction petition was a July 6, 2007, affidavit of Jeremy Brown, a former inmate at the Madison County jail, which indicated that Tomerlin had told Brown the defendant had not spoken to Tomerlin about the case and that Tomerlin told the prosecutor that any information that he had on the defendant was obtained from newspaper articles. Also, the defendant argued that the State violated his constitutional right to counsel when it engaged Tomerlin to obtain incriminating statements from him when he was represented by counsel and that trial and appellate counsel were ineffective for failing to raise this issue. Additionally, the defendant argued that his trial counsel was ineffective for failing to investigate and produce witnesses to rebut Tomerlin's testimony and appellate counsel was also ineffective for failing to raise this issue on direct appeal.

¶ 8     On September 16, 2010, the State filed a motion to dismiss the defendant's amended petition for postconviction relief, arguing, *inter alia*, that the defendant's claims

involving Tomerlin's testimony were waived because he could have raised these issues in a posttrial motion or on direct appeal and he failed to do so.

¶ 9    The trial court ultimately agreed with the State and granted its motion to dismiss with regard to the claims concerning Tomerlin's testimony. Alternatively, assuming the claims had not been waived, the trial court analyzed whether the defendant's trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). With regard to the claim that counsel was ineffective for his failure to investigate and produce witnesses to contradict Tomerlin's testimony, the trial court concluded that the record reflected that defense counsel was aware of the possible witnesses and their anticipated testimony and that counsel's decision not to put them on the stand was a matter of trial strategy. As to the defendant's claims that the State knew or should have known that Tomerlin's testimony was false and that the defendant's constitutional rights were violated as Tomerlin was acting as an agent of the State, the trial court found that these issues either had been raised on appeal or could have been raised on appeal and the failure to do so prohibited the defendant from raising them in a postconviction petition. The trial court noted that, this court, in our April 11, 2006, order on direct appeal, addressed the issue of prosecutorial misconduct as it related to Tomerlin and that we had determined no prosecutorial misconduct had occurred. In the 2006 appeal, this court also found that the State maintained discretion and the ability to make the type of deal that it made with Tomerlin.

¶ 10   Following the second-stage hearing, the trial court denied the defendant's postconviction petition claims related to Tomerlin's testimony and how it was procured.

4

In its order, the trial court determined that the record was clear that defense counsel had investigated the statements of inmates at the county jail and was aware of their proffered testimony but had decided not to put them on the stand. The trial court then concluded that trial counsel's decision was a matter of trial strategy. Assuming counsel had known about the information contained in the witnesses' affidavits prior to trial, nothing in the affidavits indicated that Tomerlin's testimony was perjury or that Tomerlin did not have a direct conversation with the defendant concerning the defendant's case. Because the underlying issue was not meritorious, the defendant suffered no prejudice in appellate counsel's failure to raise it on direct appeal. The defendant then appealed to this court.

¶ 11 We then reviewed the trial court's dismissal of the defendant's postconviction petition under *de novo* review. In our disposition of that matter, we found that the affidavits attached by the defendant were insufficient to merit an evidentiary hearing on defendant's claim as to ineffective assistance of counsel. We further found that no prosecutorial misconduct occurred with regard to the State's Attorney offering Tomerlin a deal in exchange for his testimony. See *People v. Sparks*, 2013 IL App (5th) 130059-U.

¶ 12 Following our ruling in 2013 on the defendant's first postconviction petition, the defendant filed a *pro se* motion for leave to file a successive postconviction petition on March 24, 2014, pursuant to section 122-1(f) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(f) (West 2012)). An amended *pro se* motion for leave to file a successive postconviction petition was filed on May 16, 2014 (second postconviction petition).

¶ 13 In the defendant's second postconviction petition, he alleged, *inter alia*, that the judge and prosecutors involved in his case had a "historic" relationship with Tomerlin,

that this improper relationship denied him an impartial tribunal in violation of the United States and Illinois Constitutions, that the prosecutors knowingly allowed Tomerlin to give misleading or untruthful testimony, that the defendant received ineffective assistance of counsel both in the trial court and on direct appeal, and that he was unable to fully bring these claims in the prior postconviction proceedings because the prosecution failed to disclose its relationship with Tomerlin and the deals it had previously worked out with him in other cases.

¶ 14    Following the defendant's filing of his second postconviction petition, the trial court allowed the State to respond to the allegations. On January 22, 2015, after appointment of counsel to the defendant and consideration of the testimony and argument, the trial court granted the State's motion in opposition and denied the defendant leave to file his second postconviction petition. On January 26, 2015, defendant filed a timely notice of appeal. That appeal was assigned docket number 5-15-0045 in this court.

¶ 15    Following the defendant's filing of his appeal, on February 11, 2015, he filed in the trial court a motion to reconsider the ruling denying leave to file his second postconviction petition. On April 9, 2015, the trial court denied the defendant's motion to reconsider. On October 26, 2015, at the request of appellate counsel, this court dismissed the defendant's appeal docketed number 5-15-0045 as premature pursuant to Illinois Supreme Court Rule 606, which requires that "[w]hen a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing

6

of all pending postjudgment motions shall have no effect and shall be stricken by the trial court." Ill. S. Ct. R. 606(b) (eff. Dec. 11, 2014). Based upon our review of the record, following our dismissal of the appeal as premature, the defendant never attempted to take any further action regarding the trial court's January 22, 2015, order denying him leave to file a second postconviction petition or the trial court's denial of the motion to reconsider on April 9, 2015. No additional appeals were filed, nor were any motions filed to reinstate the 5-15-0045 appeal.

¶ 16    Over a year later, on December 16, 2016, the defendant filed another motion for leave to file a successive postconviction petition, as well as an accompanying petition, memorandum, and brief (third postconviction petition). In the defendant's third postconviction petition he stated that he "ha[d] been made aware of new information pretaining [*sic*] to substantial violations of due process at trial" and that this evidence "warrants an acquittal." He then went on to allege that (1) "[d]uring the defendant's trial the State committed [h]igh [c]rimes to obtain a conviction"; (2) his conviction "was influenced by perjury at trial"; (3) "[d]uring the trial Judge Charles Romani was bias [*sic*] and prejudice [*sic*] against the [d]efendant"; and (4) "[f]rom 1978 through the [d]efendant's trail [*sic*] in 2000 the State's Attorney's Office and the [Third Judicial Circuit] created a danger that injured the judiciary and the citizens of Madison County, Illinois and ultimately the [d]efendant's rights at trial." The defendant then recounted the numerous interactions Tomerlin and the Madison County State's Attorney's Office had between 1978 and 2000 and the sentences Tomerlin received as a result of assisting the office with prosecuting other criminal cases. The defendant referenced 24 exhibits

7

throughout his memorandum and brief which document Tomerlin's crimes, sentences, and interactions with the Madison County State's Attorney's Office.

¶ 17    On February 8, 2017, the trial court denied the defendant's third postconviction petition, stating:

"With regard to enumerated reasons 1, 3 and 4, the defendant has set forth no cause why these issues could not have been raised either on direct appeal or during the initial post-conviction proceeding. Additionally, these allegations are completely conclusory, purely speculative, and not supported by any facts or supporting documentation.

As to enumerated reason 2, the issue of perjury and particularly as it pertained to Manuel Tomerlin, was addressed extensively in the initial appeal of the conviction of defendant and again in a prior amended post-conviction petition heard by this court. Said petition proceeded to a second stage hearing on this issue and was denied. In May 2014 the Appellate Court affirmed the trial court. The [d]efendant fails to cite any new evidence and has failed to demonstrate either cause or prejudice."

¶ 18    On March 3, 2017, the defendant filed a timely notice of appeal from the trial court's February 8, 2017, order.

¶ 19                                    II. ANALYSIS

¶ 20    "Where a petitioner has previously challenged a judgment of conviction on appeal, the judgment of the reviewing court will serve to bar postconviction review of all issues actually decided by the reviewing court as well as any other claims that could have been

8

presented to the reviewing court." *People v. Robinson*, 2020 IL 123849, ¶ 42. "However, the bar against successive proceedings will be relaxed on two grounds." *Id.* "The first is where the petitioner can establish cause and prejudice for the failure to assert a postconviction claim in an earlier proceeding." *Id.*; see also 725 ILCS 5/122-1(f) (West 2016). "The second is where the petitioner asserts a fundamental miscarriage of justice based on actual innocence." *Robinson*, 2020 IL 123849, ¶ 42.

¶ 21    This court reviews *de novo* the denial of a motion for leave to file a successive postconviction petition. See, *e.g.*, *People v. Bailey*, 2017 IL 121450, ¶ 13. A motion for leave to file a successive postconviction petition should be granted where the petitioner adequately alleges facts demonstrating cause and prejudice for not having raised the alleged errors in his or her initial postconviction petition. *Id.* ¶¶ 15, 24; see also 725 ILCS 5/122-1(f) (West 2016). The petitioner does not have to *prove* cause and prejudice in order to file a successive postconviction petition; rather, a petitioner, in the petitioner's pleadings, need make only "a *prima facie* showing of cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 25. When reviewing a motion for leave to file a successive postconviction petition, the trial judge is to perform a "preliminary screening" to verify that the petitioner has met the pleading standard for cause and prejudice. *Id.* ¶ 24. To meet that pleading standard, the petitioner must submit enough documentation for the trial judge to make that determination. *Id.* ¶ 21. If it is clear from the documentation provided that the legal claims fail, or the successive petition with supporting documentation is insufficient to justify further proceedings, the motion for leave to file the successive petition should be denied. *Id.* As a general rule, because our state statutes contemplate the filing of only

9

one postconviction petition, "successive postconviction petitions are highly disfavored" under Illinois law. *Id.* ¶ 39.

¶ 22   The defendant comes before this court challenging the trial court's February 8, 2017, order which denied his motion for leave to file his third postconviction petition. Before we begin our analysis regarding the February 8, 2017, order, we first discuss the nature of the arguments brought before us by the defendant in his brief.

¶ 23   The defendant's notice of appeal specifically states the defendant is appealing the trial court's February 8, 2017, order. However, we note that the defendant in the "statement of jurisdiction" section of his brief indicates he is appealing the trial court's prior order entered on January 22, 2015, in which the trial court denied his previous motion for leave to file his *second* postconviction petition. Further, the defendant in his "issues presented for review" section of his brief presents the following issues:

> "1. Whether the trial court erred in allowing the State to present its position before making a decision about whether to grant leave to file a *second* post-conviction petition, pursuant to 725 ILCS 5/122-1(f)?
>
> 2. Whether the trial court erred in denying leave to file a *second* post-conviction petition, finding that the claims presented in Mr. Sparks' *pro se* petition had already been decided or could have been decided and so were waived?" (Emphases added.)

¶ 24   Both of the issues raised and argued in the defendant's brief address issues pertaining to the defendant's 2014 motion for leave to file a *second* postconviction petition. In fact, the defendant never discusses the trial court's February 8, 2017, order or

his third postconviction petition anywhere in his brief. Based upon the defendant's arguments, it appears he is attempting to put before this court issues related to the trial court's order entered on January 22, 2015, which denied the defendant's 2014 motion regarding his second postconviction petition. However, the February 8, 2017, order denying the defendant's motion for leave to file a third postconviction petition is the only order the defendant appealed. Further, it is the only order he could have appealed as the deadline for bringing an appeal related to the January 22, 2015, order has long passed. Thus, if it was the defendant's intention to file an appeal and have this court consider issues related to the January 22, 2015, order, we lack the jurisdiction to do so and will not consider those arguments. However, because this court may affirm the ruling of a trial judge on any basis supported by the record (see, *e.g.*, *Evans v. Lima Lima Flight Team, Inc.*, 373 Ill. App. 3d 407, 418 (2007); see also, *e.g.*, *People v. Johnson*, 208 Ill. 2d 118, 134 (2003)), and because the defendant indicated in his notice of appeal his intent to bring before us the appropriateness of the trial court's order entered on February 8, 2017, we will consider the issues pertaining to that specific order for which we do have jurisdiction.

¶ 25    This brings us to the defendant's first claim that the State was improperly allowed to present argument on the defendant's motion for leave to file a second postconviction petition. While the defendant's claim is true that the State was allowed to present argument in opposition to his motion for leave to file a second postconviction petition, as previously discussed, issues related to the trial court's January 22, 2015, order denying the defendant's motion for leave to file a second postconviction petition are not properly

11

before this court. Those issues were not properly brought before this court in a timely fashion in accordance with Illinois Supreme Court Rules 603 and 606; and therefore, this court does not have jurisdiction to consider them. We note that while the State was allowed input on the defendant's second postconviction petition, the State was never allowed to present argument on the defendant's motion for leave to file a third successive postconviction petition. Thus, this issue is not applicable to our consideration of the trial court's February 8, 2017, order.

¶ 26    The defendant's second issue raised in his brief also focuses on the trial court's January 22, 2015, order. Because that order is not properly before this court, we cannot consider those issues. Thus, while the defendant has appealed the trial court's February 8, 2017, order, he has failed to articulate any specific issue he takes with the trial court's ruling. Nevertheless, we move forward on our own volition and analyze whether the trial court did, in fact, properly deny the defendant's motion for leave to file a third postconviction petition.

¶ 27    A motion for leave to file a successive postconviction petition should be granted where the petitioner adequately alleges facts demonstrating cause and prejudice for not having raised the alleged errors in his or her initial postconviction petition. *Bailey*, 2017 IL 121450, ¶¶ 15, 24. Here, the defendant in his motion argues that he discovered evidence which demonstrates that (1) "[d]uring the defendant's trial the State committed [h]igh [c]rimes to obtain a conviction"; (2) his conviction "was influenced by perjury at trial"; (3) "trial Judge Charles Romani was bias [*sic*] and prejudice [*sic*] against the [d]efendant"; and (4) "[f]rom 1978 through the [d]efendant's trail [*sic*] in 2000 the

12

State's Attorney's Office and the [Third Judicial Circuit] created a danger that injured the judiciary and the citizens of Madison County, Illinois and ultimately the [d]efendant's rights at trial."

¶ 28 The first step in our analysis of the defendant's claims is to determine if he can meet the "cause" prong of his burden in requesting leave to file a successive postconviction petition. "[The defendant] shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2016). We find that the defendant cannot show cause.

¶ 29 As to the defendant's allegations that (1) the State committed high crimes to obtain conviction, (2) the trial judge was biased and prejudiced against the defendant during his trial, and (3) from 1978 through 2000 the State's Attorney's Office and Third Judicial Circuit created a danger that injured the judiciary, the citizens of Madison County, and the defendant's rights at trial, we agree with the trial court's finding that the defendant has failed to set forth any reason why these claims could not have been raised previously on direct appeal or during the initial postconviction proceeding. The defendant specifically points towards actions which took place between 1978 and his trial in 2000. He relies upon interactions which took place between Judge Romani, the State's Attorney's Office, and Tomerlin in other criminal cases prior to his trial, as well as Tomerlin's criminal record which was provided to the defendant in discovery prior to his trial. Thus, by the defendant's own arguments and supporting documents, any "danger" or "high crimes" existed or occurred before or during his trial. Therefore, these issues

13

could have been raised prior to his third postconviction petition. Further, we agree with the trial court's finding that the allegations are not properly pleaded as they are conclusory, speculative, and unsupported by any documentation.

¶ 30    As to the remaining issue that the defendant's conviction was secured by the perjury of witness Tomerlin at trial, we find that this issue was already raised and decided on multiple occasions throughout these proceedings and is thus barred under the doctrine of *res judicata*. See *People v. Blair*, 215 Ill. 2d 427, 443 (2005). The issue of Tomerlin's testimony, both how it was obtained and its veracity, has been addressed in both the defendant's direct appeal of his conviction in 2006, as well as his initial postconviction petition which was the subject of his 2013 appeal. The issue even proceeded to a second stage hearing following this court's remand, before it was dismissed by the trial court. On review, this court affirmed the trial court's decision in *People v. Sparks*, 2013 IL App (5th) 130059-U, when we found that nothing contained in the affidavits presented by the defendant indicated that Tomerlin's testimony was perjury or that Tomerlin did not have a direct conversation with the defendant concerning the defendant's case. In that decision, we further found that no prosecutorial misconduct occurred with regard to the prosecution offering Tomerlin a deal in exchange for his testimony. Therefore, the trial court properly found that this issue is barred from being considered under the doctrine of *res judicata*.

¶ 31    In addition, we find that the majority of the defendant's claims stated in his third postconviction petition were alleged in his second postconviction petition filed two years earlier. In the defendant's second postconviction petition he alleged, *inter alia*, that the

judge and prosecutors involved in his case had a "historic" relationship with Tomerlin, that this improper relationship denied him an impartial tribunal in violation of the United States and Illinois Constitutions, that the prosecutors knowingly allowed the witness to give misleading or untruthful testimony, that he received ineffective assistance of counsel both in the trial court and on appeal, and that he was unable to fully bring these claims in prior postconviction proceedings because the prosecution and the judge failed to disclose its relationship with Tomerlin and the deals it had previously worked out with him in other cases. Thus, while the defendant has changed his language and made his allegations somewhat vague and more ambiguous, we find that no new arguments or evidence have been produced by the defendant in his third postconviction petition. This conclusion is supported by the fact that the defendant attached and relied upon the same 24 exhibits in both motions. This is further evidence that the defendant had knowledge of these issues and could have brought these claims earlier and is barred from bringing them now.

¶ 32    The doctrine of *res judicata* bars consideration in a postconviction petition of issues that were previously raised and decided on direct appeal. *Blair*, 215 Ill. 2d at 443. Moreover, issues that could have been raised on direct appeal, but were not, are forfeited, and are therefore barred. *Id.* at 444. Accordingly, trial courts may dismiss postconviction petitions based on both *res judicata* and forfeiture. *Id*. at 442. It is important to reiterate that the Post-Conviction Hearing Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002); 725 ILCS 5/122-1(f) (West 2016). Thus, issues raised in an original or amended postconviction petition and decided by the trial court have *res judicata* effect, precluding reconsideration of those points in a

subsequent postconviction proceeding. *People v. Walker*, 331 Ill. App. 3d 335, 345 (2002). Similarly, any issues not raised in the original or amended petition that could have been are deemed forfeited. *Id*. Only by demonstrating cause and prejudice can the defendant overcome those obstacles. Here, we find that the defendant did not meet this standard and the trial court properly found the issues barred either by *res judicata* or forfeiture.

¶ 33                                    CONCLUSION

¶ 34    For the foregoing reasons, we affirm the trial court's February 8, 2017, order denying the defendant's motion for leave to file a third postconviction petition.

¶ 35    Affirmed.