2024 IL App (1st) 192516-U

No. 1-19-2516

Order filed March 8, 2024

FIFTH DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 6525 |
| | ) | |
| LATAYUSS CURRY, | ) | Honorable |
| | ) | Thomas J. Byrne, |
| Defendant-Appellant. | ) | Judge presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in dismissing defendant's post-conviction petition at the first stage as frivolous and without merit where the defendant failed to allege the gist of a constitutional claim because the record directly contradicted defendant's allegations of ineffective assistance of counsel.

¶ 2    Defendant Latayuss Curry appeals the circuit court's dismissal of his *pro se* post-conviction petition. The issue on appeal is whether the circuit court erred in dismissing defendant's petition as frivolous and without merit where defendant alleged trial counsel was ineffective for failing to investigate an insanity defense. For the reasons explained below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was indicted in 2015 for aggravated kidnapping, home invasion, aggravated criminal sexual assault, attempted robbery, and aggravated unlawful restraint. In January 2018, defendant pleaded guilty to the two counts of aggravated criminal sexual assault after participating in a 402 conference. Ill. S. Ct. R. 402 (eff. July 1, 2012). Defendant did not file a direct appeal. In August 2019, defendant filed this *pro se* petition for post-conviction relief.

¶ 5     In the petition, defendant claimed his trial counsel was ineffective because his counsel advised him to plead guilty prior to conducting a psychiatric examination to determine defendant's sanity during the commission of the offense or investigating defendant's learning disabilities. Defendant alleged he exercised due diligence in obtaining evidentiary support for his claim, but trial counsel failed: (1) to investigate defendant's sanity at the time of offense; (2) to investigate defendant's pre-arrest mental health history and treatment; and (3) to have defendant evaluated by an independent psychiatrist. Defendant sought to have his sentence and conviction vacated, an evidentiary hearing scheduled, the opportunity to subpoena witnesses and other discovery, and sufficient time in which to amend his petition to support the current claims and raise additional claims.

¶ 6     In October 2019, the circuit court dismissed the petition as frivolous and patently without merit because the record directly contradicted defendant's claims. Further, the court noted that defendant's counsel subpoenaed the necessary records and obtained several evaluations which established that defendant was sane at the time of the offense and fit to stand trial. Lastly, the circuit court noted that defendant failed to provide any evidence that demonstrated he was not sane

at the time of the offense. Defendant filed a timely notice of appeal. Ill. S. Ct. R. 606 (eff. Oct. 19, 2023); Ill. S. Ct. R. 651(a) (eff. July 1, 2017).

¶ 7                                     II. ANALYSIS

¶ 8     Defendant raises two arguments on appeal. First, defendant argues this court should reverse the summary dismissal of his *pro se* post-conviction petition because it sufficiently alleged that defendant unknowingly, unintelligently, and involuntarily pleaded guilty because of trial counsel's deficient investigation of a possible insanity defense. Second, defendant argues that he will be denied a meaningful appeal without access to all the documents assessed by the circuit court in dismissing petition, thus the case should be remanded for reconstruction of these documents and review of the entire record by appellate counsel. In response, the State argues that dismissal was proper because the record directly contradicts the ineffective assistance of counsel claim. The State further contends that this appeal should be dismissed pursuant to the nullity rule because the preparation of a *pro se* post-conviction petition by a non-attorney, rather than the defendant himself, renders the petition null and void.

¶ 9     The Post-Conviction Hearing Act provides defendants an alternative to filing a direct appeal. 725 ILCS 5/122-1(c) (West 2022). At the first stage of post-conviction proceedings, the court independently reviews the petition and dismisses it only if it determines the petition "is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022). To clear this intentionally low hurdle, a defendant need only present a "gist" of a constitutional claim, even if the petition lacks formal arguments or citation to legal authority. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The dismissal of a post-conviction petition at the first stage is reviewed *de novo. People v. Walker*, 331 Ill. App. 3d 335, 339 (2002).

¶ 10    Where a defendant claims he was denied effective assistance of counsel, the analysis is governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy the *Strickland* test, the defendant must demonstrate that trial counsel's representation "fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense." (Internal quotation marks omitted.) *Hodges*, 234 Ill. 2d at 17 (2009). However, unlike at the second stage of post-conviction proceedings, where a defendant must *prove* each prong of the test, at the first stage a petition may not be summarily dismissed if it is merely *arguable* that the *Strickland* standard is satisfied. *People v. Tate*, 2012 IL 112214, ¶ 19.

¶ 11    Concerning deficient performance, defendant alleges that his trial counsel failed to investigate defendant's mental health history, his sanity at the time of the offense, and his fitness to stand trial. The record directly contradicts defendant's contention. Defendant argues that his trial counsel "did no investigations [sic] into defendant's sanity at the time of the offense," but the record demonstrates that defendant was evaluated by a clinical psychologist who found defendant legally sane at the time of the offense. That same psychologist, as well as two evaluating psychiatrists, all found defendant either fit to stand trial or mentally fit to stand trial with medication. Defendant also argues that his trial counsel did not investigate the hospitals where defendant had previously received mental health treatment. The record, however, indicates that trial counsel did obtain records from two hospitals which were utilized to assess defendant's mental state.

¶ 12    Defendant further contends that even the investigation his trial counsel performed was inadequate; a thorough investigation, according to defendant, required examination by "a mental health expert who is sufficiently available to the defense and independent from the prosecution."

*McWilliams v. Dunn*, 582 U.S. 183, 197 (2017). Defendant argues that he was entitled to a "competent psychiatrist who w[ould] conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Id.* at 195 (quoting *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985)). Defendant contends that this requirement was not satisfied because the mental health experts were employed by the State and did not interview defendant for more than thirty minutes. This, however, does not demonstrate ineffective assistance of counsel. There is no requirement that the mental health expert be independent of the State. A defendant is entitled to a competent psychiatrist, but this does not mean a defendant "has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own." *People v. Taylor*, 2023 IL 128316, ¶ 30 (quoting *Ake*, 470 U.S. at 83). Finally, the record shows that defendant's evaluations lasted close to an hour, longer than the 10 to 30 minutes he claims, and the reports evidence a thorough and detailed examination by each evaluator.

¶ 13    In sum, the record demonstrates that defendant's trial counsel performed an investigation into defendant's mental health history, and defendant was evaluated to determine his sanity at the time of the offense and his fitness to stand trial. Because the record directly contradicts defendant's allegations, he does not demonstrate the requisite gist of a constitutional claim necessary to survive the first stage of post-conviction proceedings. Because the circuit court properly dismissed defendant's petition, we need not address the State's nullity argument.

¶ 14    Next, defendant contends he will be denied a meaningful appeal without access to all the documents assessed by the circuit court in dismissing his post-conviction petition, and the case should be remanded for the purpose of reconstructing these documents to permit appellate counsel review of the entire record. Defendant acknowledges that the appellant is required to provide a

sufficient record, but argues this standard is relaxed where the defendant is not at fault for the incomplete record and has demonstrated a colorable need for the missing parts of the record. *People v. Appelgren*, 377 Ill. App. 3d 137, 142-43 (2007). Defendant also details the efforts appellate counsel made to obtain the documents that the circuit court referenced seeing at the 402 conference.

¶ 15    Defendant says these consisted of medical records and reports from the Department of Children and Family Services. Defendant fails to explain how the missing documents could possibly contradict those present in the record or how they would provide independent support for his ineffective assistance claim. Moreover, our review of the first stage dismissal of a post-conviction petition is *de novo*, and we may affirm on any basis in the record. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 192 (2007). Therefore, even if the record is incomplete, the record provides a sufficient basis to affirm the circuit court's dismissal of defendant's post-conviction petition.

¶ 16    We note, however, to avoid these kinds of issues and to avoid placing undue burdens on appellate counsel, trial counsel for both the defendant and the State should take the same kind of care to make a complete record of what was before the circuit court for appellate review in a guilty plea as they would a trial.

¶ 17                                    III. CONCLUSION

¶ 18    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 19    Affirmed.