NOTICE

Decision filed 10/14/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 170285-U

NO. 5-17-0285

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 01-CF-58 |
| | ) | |
| SAMUEL PAUL BLAKE, | ) | Honorable |
| | ) | Richard A. Brown, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We grant the motion of defendant's appointed appellate counsel to withdraw and affirm the trial court's denial of defendant's motion for leave to file a successive postconviction petition where the claims raised were barred by *res judicata* and, even if not barred, cause and prejudice could not be shown.

¶ 2    Defendant, Samuel Paul Blake, appeals the trial court's denial of his petition seeking leave to file a successive postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD filed a motion seeking leave to withdraw as counsel, alleging that there was no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). Defendant filed his response. After review of both, we agree with OSAD and conclude the instant appeal lacks merit. With no potential ground for appeal, we grant OSAD leave to withdraw and affirm the trial court's judgment.

1

¶ 3                                  BACKGROUND

¶ 4     On April 2, 2001, defendant was charged with four counts of predatory criminal sexual assault of a child and one count of criminal sexual assault. Defendant was arrested the same day and remained in custody throughout the pretrial phase of his case. The trial was set for July 16, 2001. On July 5, 2001, the State sought a continuance pursuant to section 103-5(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5(c) (West 2000)), arguing that the results of DNA testing requested by the State would not be available by the previously set trial date. Following a hearing, the trial court found it did not "have any reason to believe that under the circumstances here that [the State] *** failed to exercise due diligence," granted the continuance, and scheduled the trial for the weeks of August 27 and September 4, 2001. DNA testing was completed on August 11, 2001, and the trial began on August 27, 2001. Following the trial, the jury found defendant guilty on all five counts. The trial court sentenced defendant to a term of natural life on each of the predatory sexual assault counts and 10 years on the criminal sexual assault charge, with the sentences to be served consecutively.

¶ 5     On direct appeal, defendant argued that the mandatory natural-life-imprisonment sentence required by section 12-14.1(b)(1.2) of the Criminal Code of 1961 (720 ILCS 5/12-14.1(b)(1.2) (West 2000)) was unconstitutional. We rejected defendant's argument and affirmed the trial court's judgment. *People v. Blake*, No. 5-01-0788 (2003) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6     Defendant subsequently filed a postconviction petition raising numerous issues, including that his trial counsel rendered ineffective assistance by failing to object to and argue against the State's motion to continue the trial setting or file a motion to dismiss based on a violation of defendant's right to a speedy trial. The trial court denied defendant's petition following an

2

evidentiary hearing, and we affirmed. *People v. Blake*, No. 5-06-0354 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7    Defendant now seeks leave to file a successive postconviction petition. Therein he argues, citing *People v. Battles*, 311 Ill. App. 3d 991 (2000), that his trial counsel provided ineffective assistance by failing to file a motion to dismiss for a speedy trial violation where the State failed to show due diligence and materiality for its requested continuance. He further argues, citing *People v. Raymer*, 2015 IL App (5th) 130255, that trial counsel was ineffective for failing to argue that the State was required to proceed on one of the five charges against him pursuant to section 103-5(e) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5(e) (West 2000)). Defendant also alleges these claims were not raised in his initial postconviction petition because his prior postconviction counsel provided unreasonable assistance by failing to amend defendant's original postconviction petition to include them. The circuit court denied defendant's motion for leave to file a successive postconviction petition, finding he failed to meet the cause-and-prejudice test. This appeal followed.

¶ 8                                    ANALYSIS

¶ 9    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a mechanism by which state prisoners may collaterally challenge their convictions and/or sentences for substantial violations of their federal or state constitutional rights occurring during the proceedings in which the conviction or sentence was rendered and could not have been previously adjudicated. *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). The Act "contemplates the filing of only one post-conviction petition." *People v. Jones*, 191 Ill. 2d 354, 358 (2000). All issues that were decided in a prior postconviction proceeding are barred by the doctrine of *res judicata*; additionally, any issues that could have been raised in a prior postconviction

proceeding, but were not, are forfeited. *People v. Flores*, 153 Ill. 2d 264, 274 (1992). The procedural bar of forfeiture is not merely a rule of judicial administration; it is an express statutory requirement under the Act. 725 ILCS 5/122-3 (West 2016). Only where fundamental fairness so requires will the doctrine of forfeiture be relaxed. *People v. Morgan*, 212 Ill. 2d 148, 153 (2004).

¶ 10    To determine whether the fundamental fairness exception applies, courts use the cause-and-prejudice test codified in section 122-1(f) of the Act. 725 ILCS 5/122-1(f) (West 2016). Section 122-1(f) states:

> "[A] prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; *** a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.*

Our review of the denial of a defendant's motion for leave to file a successive petition for relief under the Act is *de novo*. *People v. Robinson*, 2020 IL 123849, ¶ 39. Leave to file a successive petition is denied only where "it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35.

¶ 11    In the case at bar, defendant's successive postconviction petition argued that trial counsel provided ineffective assistance by failing to (1) challenge the State's request for a continuance of the speedy trial term on the basis that the State failed to demonstrate due diligence and materiality, and (2) argue that the State was required to proceed on one of the five charges against him. Defendant further argues that these claims were not raised in his initial postconviction petition

4

because of postconviction counsel's ineffective assistance. We address defendant's claim of prejudice, *i.e.*, the actions of his trial counsel, first.

¶ 12    An allegation of a violation of the constitutional right to effective assistance of counsel is evaluated pursuant to the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted in Illinois by *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). The standard has two prongs, both of which must be satisfied for a defendant to prevail on an ineffective assistance of counsel claim. First, defendant must show that his "counsel's representation fell below an objective standard of reasonableness and that counsel's shortcomings were so serious as to deprive the defendant of a fair trial." (Internal quotation marks omitted.) *Albanese*, 104 Ill. 2d at 525. Second, defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* A failure to satisfy either prong of the standard results in failure of the ineffective assistance of counsel claim; the court need not address both prongs. See *Strickland*, 466 U.S. at 670.

¶ 13    In his initial postconviction petition defendant argued that a continuance would have been unnecessary had the State been more expeditious in its request for DNA testing and that trial counsel rendered ineffective assistance by failing to seek dismissal of the charges based on a speedy trial violation. Defendant's current claim states that trial counsel provided ineffective assistance by failing to challenge the State's request for continuance of the speedy trial term on the basis that the State failed to demonstrate due diligence and materiality.

¶ 14    There is no meaningful difference between defendant's initial postconviction claims and those he seeks to raise in his successive postconviction petition, and therefore, the issues in defendant's current postconviction petition are barred by the doctrine of *res judicata*. "The

5

doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and \*\*\* constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001). *Res judicata* "is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose." *Id*. (citing *Housing Authority v. Young Men's Christian Ass'n*, 101 Ill. 2d 246, 251-52 (1984)). While defendant now claims that his postconviction counsel was ineffective by failing to challenge the due diligence and materiality of the State's requested motion, such claims either were directly raised in the original petition or readily fall within the realm of those previously raised.

¶ 15    However, even if *res judicata* did not bar his claims, defendant cannot meet the cause-and-prejudice test. As we noted in our prior decision, trial counsel's decision "to seek the dismissal of the charges based on a denial of the right to a speedy trial [was] a matter of trial strategy." *Blake*, No. 5-06-0354, order at 10 (citing *People v. Kaczmarek*, 207 Ill. 2d 288, 298 (2003)). We further noted that "[t]rial counsel's failure to argue a speedy-trial violation [could not] satisfy either prong of the *Strickland* test where there [was] no lawful basis for arguing a speedy-trial violation." *Id*. (citing *People v. Cordell*, 223 Ill. 2d 380, 385 (2006)). This conclusion was based on the fact that the State's requested continuance was specifically allowed pursuant to statute. *Id*. at 11; see also 725 ILCS 5/103-5(c) (West 2000) (allowing the State to seek a continuance of up to 120 days to obtain DNA testing results).

¶ 16    Nor is there any merit to defendant's argument that trial and appellate counsel rendered ineffective assistance by failing to argue, pursuant to *People v. Raymer*, 2015 IL App (5th) 130255, that he was denied his statutory right to a speedy trial where the State did not bring him to trial on

one of the five charges against him, as required by section 103-5(e). 725 ILCS 5/103-5(e) (West 2000). Simply put, *Raymer* is fundamentally distinguishable from the case at bar as defendant herein was not in simultaneous custody on unrelated, separate charges. Further, unlike *Raymer*, the State's continuance here was statutorily allowed pursuant to section 103-5(c). *Id*. § 103-5(c).

¶ 17    Because defendant's claims of ineffective assistance of trial counsel are meritless, defendant cannot show prejudice. Consequently, no meritorious argument can be made that the trial court erred in denying defendant's leave to file a successive postconviction petition.

¶ 18                                    CONCLUSION

¶ 19    For the foregoing reasons, we grant OSAD's *Finley* motion and affirm the trial court's judgment denying defendant's motion for leave to file a successive postconviction petition.


¶ 20    Motion granted; judgment affirmed.