NOTICE

Decision filed 01/07/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241176-U

NO. 5-24-1176

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 01-CF-58 |
| | ) | |
| SAMUEL PAUL BLAKE, | ) | Honorable |
| | ) | Eugene E. Gross, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: This court grants appointed appellate counsel leave to withdraw, and affirms the trial court's order dismissing the defendant's petition for relief from judgment, where the defendant's petition did not present any information that was unknown at the time the challenged judgment was entered, the petition's issues were *res judicata*, and the petition was untimely, and where no argument to the contrary would have merit.

¶ 2    The defendant, Samuel Paul Blake, appeals from the trial court's dismissal of his petition for relief from judgment under section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2024)). In his petition, the defendant claimed that the judgment of conviction in his case was void due to a violation of his statutory right to be tried within 120 days of his being taken into custody. See 725 ILCS 5/103-5(a) (West 2024) (speedy trial for incarcerated defendants). His appointed attorney in this appeal, the Office of the State Appellate Defender

1

(OSAD), has concluded that this appeal lacks merit and has filed with this court a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a supporting memorandum of law. The defendant has filed with this court an objection to the *Finley* motion. Having reviewed OSAD's motion and memorandum, the defendant's objection, the record on appeal, and past decisions of this court relating to the underlying criminal case, this court agrees with OSAD that this appeal is meritless. Accordingly, OSAD is granted leave to withdraw and the judgment of the trial court is affirmed. The defendant also filed a motion to supplement the record on appeal with documents outside the common law record, namely, correspondence from attorneys; we deny the motion to supplement the record.

¶ 3                                      I. BACKGROUND

¶ 4                            A. Charges, Trial, and Direct Appeal

¶ 5     In April 2001, the State charged the defendant by information with four counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 1998)), a Class X felony (counts I through IV), and one count of criminal sexual assault (*id.* § 12-13(a)(3)), a Class 1 felony (count V). There were two victims here, each a minor step-daughter of the defendant.

¶ 6     In August 2001, a jury found the defendant guilty on all five counts. On September 27, 2001, the trial court sentenced the defendant to natural-life imprisonment for each of the four counts of predatory criminal sexual assault of a child and 10 years of imprisonment for criminal sexual assault. The four natural-life sentences were made concurrent with one another but consecutive to the 10-year sentence.

¶ 7     The defendant appealed from the judgment of conviction. His sole argument on direct appeal was that his natural-life sentences were unconstitutional. This court rejected the argument

2

and affirmed the trial court's judgment. *People v. Blake*, No. 5-01-0788 (2003) (unpublished order pursuant to Supreme Court Rule 23).

¶ 8                                B. Initial Postconviction Petition, Denial, Appeal

¶ 9        In September 2003, the defendant filed *pro se* a combination petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2002)) and for postjudgment relief pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2002)). The trial court docketed the petition for further consideration pursuant to section 122-2.1(b) of the Post-Conviction Hearing Act (725 ILCS 5/122-2.1(b) (West 2002)). The trial court appointed postconviction counsel for the defendant.

¶ 10      Postconviction counsel, on behalf of the defendant, filed an amended postconviction petition. The amended postconviction petition included, *inter alia*, a claim that the trial court had deprived the defendant of his statutory right to a speedy trial when it erroneously granted the State's motion for a continuance under section 103-5(c) of the Code of Criminal Procedure of 1963 (Criminal Procedure Code) (725 ILCS 5/103-5(c) (West 2002)) (extension of the 120-day speedy-trial term, for up to 120 additional days, in order to allow the State to obtain DNA test results). The State filed an answer to the amended postconviction petition. Following an evidentiary hearing, the trial court denied the amended postconviction petition.

¶ 11      The defendant appealed the denial order to this court. His appointed appellate counsel, OSAD, filed a motion to withdraw as counsel pursuant to *Finley*. One of OSAD's potential arguments concerned the alleged ineffectiveness of trial counsel in failing to file a motion to dismiss the charges based on the alleged deprivation of the defendant's statutory speedy-trial right, which was due to the trial court's allegedly erroneous extension of the speedy-trial period to allow the State to obtain DNA evidence under section 103-5(c) of the Criminal Procedure Code. This

3

court granted OSAD's *Finley* motion and affirmed the trial court's order denying the amended postconviction petition. *People v. Blake*, No. 5-06-0354 (2008) (unpublished order under Supreme Court Rule 23). In the unpublished order, this court found no error in the trial court's granting the State a continuance to obtain DNA results under section 103-5(c) of the Criminal Procedure Code. This court wrote: "Because there was no basis for arguing a speedy-trial violation, [the defendant's] claim that trial counsel was ineffective for having failed to file a motion to dismiss on this basis is meritless."

¶ 12    C. Motion for Leave to File a Successive Postconviction Petition, Denial, and Appeal

¶ 13    In May 2017, the defendant filed a motion for leave to file a successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2016). The defendant sought to raise, *inter alia*, a claim that trial counsel had provided ineffective assistance by failing to challenge the State's motion for a continuance to obtain DNA test results, an omission that deprived the defendant of his statutory right to a speedy trial. Later in May 2017 the trial court entered a written order denying the defendant's motion for leave to file. "Defendant's argument is once again [that] he was denied his right to a speedy trial and was provided ineffective assistance of counsel," the court stated in its denial order, adding that the defendant had failed to show either cause or prejudice in relation to the proposed successive petition.

¶ 14    The defendant appealed to this court. His appointed attorney on appeal, OSAD, filed a *Finley* motion to withdraw as counsel. This court concluded that the postconviction claims that the defendant sought to raise were barred by *res judicata*, and that even if they were not barred, the defendant had failed to satisfy the cause-and-prejudice test. This court granted OSAD's *Finley* motion and affirmed the trial court's judgment. *People v. Blake*, 2022 IL App (5th) 170285-U.

4

¶ 15    D. Petition for Relief from Judgment: The Subject of the Instant Appeal

¶ 16    On August 26, 2024, the defendant filed a petition for relief from judgment under section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2022) (relief from a void order or judgment)). He raised three claims: (1) that the information's counts II, III, and IV became void on July 30, 2001, due to their not being brought for trial within the 120-day speedy trial period; (2) that the information's five charges against him needed to be dismissed as of July 30, 2001—the date that the 120-day speedy-trial period allegedly expired—because he had not been brought to trial on any of the five charges by that date; and (3) that his speedy-trial rights were violated where the State filed a motion for continuance in order to obtain results of DNA testing "but failed to include the required steps it took to get the results back prior to the 120 day speedy trial period and the court abused its discretion when it granted the State's motion for continuance."

¶ 17    The sole support for the defendant's petition was a photocopy of the State's motion to continue the defendant's trial, "for not more than 120 days," in order to obtain DNA test results, which was filed pursuant to section 103-5(c) of the Criminal Procedure Code (725 ILCS 5/103-5(c) (West 2022)) on July 5, 2001. An accompanying proof of service indicated that on August 18, 2024, the defendant placed copies of the section 2-1401 petition for relief from judgment in the prison mail system, one addressed to the clerk of the circuit court and one addressed to the State's Attorney.

¶ 18    Despite being sent notice of the defendant's petition, the State did not respond to the petition within 30 days. More than 30 days after the petition was filed—specifically, on September 27, 2024—the trial court entered an order that *sua sponte* dismissed the petition with prejudice. The court noted that the defendant had sought relief under section 2-1401(f) of the Code "on the basis that the judgment in this case [was] void." However, the court continued, assuming that all

5

the factual allegations in the petition were true, those allegations "do not state a basis for relief under [section] 2-1401(f) in that the errors complained of do not render the judgment void."

¶ 19    The defendant filed a timely *pro se* notice of appeal. The trial court appointed OSAD to represent him.

¶ 20                                    II. ANALYSIS

¶ 21    As previously mentioned, OSAD has concluded that this appeal lacks merit and, on that basis, has filed a *Finley* motion to withdraw as counsel. In the legal memorandum accompanying its *Finley* motion, OSAD considers a single potential issue, namely, whether the trial court committed reversible error in dismissing the section 2-1401(f) petition. OSAD states in its memorandum that "there is no merit in raising this issue where [the defendant] failed to timely file his petition within the period allotted by statute, and his conviction was not void under Illinois precedent." This court agrees with OSAD's assessment, grants its *Finley* motion to withdraw, and affirms the dismissal order entered by the trial court.

¶ 22    When the trial court's ruling on a section 2-1401 petition involves a fact-dependent challenge, this court reviews the ruling for an abuse of discretion. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶¶ 50-51. However, as in the instant case, when the court's dismissal of a section 2-1401 petition is based solely on a legal challenge, this court reviews the dismissal *de novo*. *Id.* ¶¶ 43-47 (examining the decision in *People v. Vincent*, 226 Ill. 2d 1 (2007), which applied *de novo* review to the *sua sponte* dismissal of a section 2-1401 petition without the benefit of responsive pleadings and without giving the defendant notice and an opportunity to be heard). This court may affirm for any reason apparent from the record, regardless of the lower court's rationale. *People v. Hopkins*, 2020 IL App (3d) 170253, ¶ 15.

6

¶ 23 Section 2-1401 "provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be vacated after 30 days from their entry." *People v. Haynes*, 192 Ill. 2d 437, 460 (2000). "A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the [defendant] and court at the time judgment was entered, which, if then known, would have prevented its rendition." *Id.* at 461; see *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003). This mechanism is generally unavailable to obtain relief from errors of law. *Klose v. Mende*, 378 Ill. App. 3d 942, 951 (2008). A petition for relief from judgment "is not designed to provide a general review of all trial errors nor to substitute for direct appeal." *People v. Berland*, 74 Ill. 2d 286, 314 (1978) (discussing section 2-1401's predecessor statute). In order to be entitled to relief under section 2-1401, the defendant "must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Smith v. Airoom*, Inc., 114 Ill. 2d 209, 220-21 (1986); see *People v. Coleman*, 206 Ill. 2d 261, 289 (2002). "A meritorious defense under section 2-1401 involves errors of fact, not law." *Pinkonsly*, 207 Ill. 2d at 565. Also, a section 2-1401 petition "must be supported by an affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b) (West 2024).

¶ 24 With certain statutory exceptions not pertinent here, section 2 -1401(c) of the Code (735 ILCS 5/2-1401(c) (West 2024)) provides that "the petition must be filed not later than 2 years after the entry of the order or judgment." *Id*. The final judgment in a criminal case is the sentencing. *People v. Caballero*, 102 Ill. 2d 23, 51 (1984). This two-year time limitation is mandatory, and petitions filed after the two-year period will generally not be considered. *People v. Gosier*, 205 Ill.

7

2d 198, 206 (2001) (citing *People v. Caballero*, 179 Ill. 2d 205, 210 (1997)). The great exception to the two-year limitations period are void orders or judgments. Where a defendant challenges an order or a judgment as void, section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2024)) permits the defendant to seek relief beyond the two-year limitations period. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). An order or judgment is void if it was entered by a court that lacked personal jurisdiction or subject matter jurisdiction. *People v. Castleberry*, 2015 IL 116916, ¶¶ 11-12, 15. "Personal jurisdiction is the court's power 'to bring a person into its adjudicative process.' " *In re M.W.*, 232 Ill. 2d 408, 415 (2009) (quoting Black's Law Dictionary 870 (8th ed. 2004)). Subject matter jurisdiction refers to a court's power " 'to hear and determine cases of the general class to which the proceeding in question belongs.' " *M.W.*, 232 Ill. 2d at 415 (quoting *Belleville Toyota*, *Inc. v. Toyota Motor Sales*, *U.S.A.*, *Inc.*, 199 Ill. 2d 325, 334 (2002)).

¶ 25    Here, the defendant's section 2-1401 petition did not present any factual information that was unknown to the defendant or the court at the time the judgment of conviction was entered. All the information presented in the petition was derived from the procedural history of the case or from the State's motion to continue the defendant's trial in order to obtain DNA evidence, which was filed with the trial court on July 5, 2001. Thus, the purpose of a section 2-1401 petition, as described in, *e.g.*, *Haynes* and *Pinkonsly*, was not fulfilled by the defendant's petition. The trial court's dismissal of the petition was proper.

¶ 26    Also, the issue of a speedy-trial violation is barred by the doctrine of *res judicata*. See, *e.g.*, *People v. Davis*, 2014 IL 115595, ¶ 13 (the doctrine of *res judicata* bars issues that were raised or could have been raised in earlier proceedings). Both the trial court and this court have previously determined that the defendant had no basis for arguing a speedy-trial violation. *People v. Blake*,

8

No. 5-06-0354 (2008) (unpublished order under Supreme Court Rule 23). Years later, both the trial court and this court determined that the speedy-trial issue was barred by the doctrine of *res judicata*. *People v. Blake*, 2022 IL App (5th) 170285-U. This issue remains, and forever will remain, barred.

¶ 27　In addition, the defendant filed his section 2-1401 petition almost 23 years after the judgment of conviction was entered in his case, which was almost 21 years after the two-year limitations period had expired. See 735 ILCS 5/2-1401(c) (West 2024). The defendant tried to avoid the two-year limitations period by asserting that the judgment of conviction he challenged was void. However, the judgment was not void, as the trial court recognized in its order dismissing the defendant's petition. In *People v. Pearson*, 88 Ill. 2d 210, 216 (1981), our supreme court held that the passage of time, for purposes of speedy trial rights, did not remove the trial court's jurisdiction. Thus, even if the defendant's statutory speedy-trial right was violated, that violation did not strip the trial court of its authority to render a judgment. See *People v. Davis*, 156 Ill. 2d 149, 156 (1993) ("Generally, once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. *** [A] court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both."). The judgment of conviction entered by the trial court on September 27, 2001, was not void. Therefore, the defendant's section 2-1401 petition was untimely. It was properly dismissed.

¶ 28　In his written objection to OSAD's *Finley* motion, the defendant sought to raise a new issue, specifically, that the State lacked standing once the statutory speedy-trial period had allegedly ended on July 31, 2001. The defendant was arrested on April 2, 2001, and he was held in continuous custody through trial and sentencing. The defendant's argument contradicts the long-settled matter that the defendant's statutory right to a speedy trial was not violated in the underlying

9

case. Furthermore, this claim was not raised in the defendant's petition. A claim not raised in a petition cannot be raised for the first time on appeal. See *People v. Jones*, 213 Ill. 2d 498, 505 (2004).

¶ 29                                    III. CONCLUSION

¶ 30    There was no error in the trial court's *sua sponte* dismissal of the defendant's section 2-1401 petition for relief from judgment. Any argument to the contrary would lack merit. Therefore, OSAD is granted leave to withdraw as counsel, and the judgment of the trial court is affirmed.


¶ 31    Motion granted; judgment affirmed.